## MYERS, Exrx v HOGUE et

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided Dec 29, 1932

Seikel, Hill & Seikel, Dover, for plaintiffs in error.

Bowers & Bowers, New Philadelphia, for defendants in error.

## 176

## OPINION

By SHERICK, J.

We would first dispose of the second contention of the defendants in error. What we shall say in respect thereto is in part relevant to their first claim. If the first claim of the defendants in error, that the executrix and the individual are one and the same person, and the making of the individual a party and causing her to be summoned in the trial court was a vain and superfluous act, then by a parity of reasoning the doing of those acts in this court should and would be equally ostentatious. In this respect the claims contended for are in direct variance. Both cannot be true, unless aided by the provisions of §11256, GC.

Our attention is directed to Snider's Exrs. v Young, 72 Oh St, 494, 74 NE, 822, and Young v Meyers, Jr., Exr., 124 Oh St, 443, 179 NE, 358, with the remark that the petition in error shows upon its face that Nannie F. Myers, individually, was a party in interest, and is not made a party, and that these authorities clearly hold that §11256, GC, is mandatory in its provision that "parties who are united in interest must be joined, as plaintiffs or defendants," in all stages of a litigation, including proceedings in error. This is sound. An examination of these two cases, however, reveals that the parties spoken of, who were not made parties in the error proceedings, had been parties to the action in the trial court. That is not the situation here shown to exist, unless the sole beneficiary voluntarily entered her appearance in the trial court.

We are of opinion that the statute advanced cannot be so enlarged and construed. It is provided that a suit to contest a will is triable to a jury and not to a court. If Nannie F. Myers was not a party in the trial court, she cannot be brought into this, a reviewing court, in the first instance, and be denied her right to a jury trial and to meet her accusers face to face. We therefore hold that §11256, GC, cannot be invoked where the one not made a party on review was not a party to the litigation in the trial court.

It is held in McCord v McCord, 104 Oh St, 274, 135 NE, 548, that an executor named in a will is not united in interest with the heirs and devisees. His interest may pertain only to his remuneration as executor, to an administration and settlement of the estate, and self-protection for himself and his bondsmen. True, he may be a beneficiary as well, but his interests are not the same, nor can they be said to be united.

Considering now the first claim of the defendants in error, and the converse thereof maintained by the executrix, we quote from §12080, GC, "all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action." The provisions of this section are likewise mandatory. Nannie Myers as the sole beneficiary was not only a necessary, but an indispensable, party to the contest in the trial court.

Nor did she voluntarily enter her appearance by defending as executrix. She certainly did not do so by any act or word on her part, unless she shall be held to have so acted as now to forbid her to be heard otherwise, or unless the theory is adopted that an executrix who is the sole beneficiary is one and the same person.

We do not consider this theory to be sound. An executor, as previously pointed out, has interests in an estate not possessed by a beneficiary. When summoned into court in a will contest, it is these interests he would protect. Such interests are not the interests which a legatee or devisee is interested in protecting. It is conceded that the same end is to be obtained, that is to uphold the will; but this fact does not consolidate the separate entities, or bestow on them collectively their various interests to be protected. Again an executor may be deserving of the court's protection in an act previously done under order of court in the administration of his trust.

The fact that the executrix remained silent until after the year for contest expired cannot be urged against her. It is not the duty of an executor, or the proponents of a will to lend aid and comfort to those that would contest and set it aside. One should not excuse his own neglect, and then be heard to make the charge of waiver by another thereof when that other has done in one capacity what the law contemplated and enjoined upon him to be done in that capacity. The heirs at law well know the terms of §12080, GC, and that an executor had a duty to perform, and interests to protect, unlike those of a legatee or devisee.

It is further held in the McCord case, supra, that an action to contest a will is not commenced as to the devisees under the will by the issuance of a summons for the executor, though duly served upon him;

and we are unable to see, in the absence of summons and waiver, where the present action had in fact been commenced.

Considering the journal entries previously mentioned we have this to say: That the ruling journalized from the court's minutes was only put on the journal as a ministerial act by the clerk. The journal from which the court speaks is that which he approved. It disposes of the motions ruled upon and noted in his minutes. It must be assumed that he reconsidered his unwarranted assumption, stated in his minutes, which the record does not warrant or justify—the legal conclusion momentarily entertained.

It is hardly worth while to consider the claim of the executrix, for the judgment should be reversed for the additional reason that the two minor heirs at law had not answered by a duly appointed guardian ad litem. Had they done so, they would have denied that which was to their advantage. Of this the executrix may not complain. The error in this omission, if any, was for the minor defendants to advance. In this instance they hardly could complain, as such omission did not prejudice their rights, which were served by the judgment setting aside the will, for they would take under the law and not under the will.

The motions for the defendants in error are not well taken and are stricken from the files, and, for the reasons indicated, the judgment is reversed.

Judgment reversed.

GARVER, PJ, and LEMERT, J, concur.