McKelvey, Appellant, *v.* McKelvey et al., Appellees.

564

(No. 266—Decided October 31, 1951.)

Messrs. *Badger, Pyers & Miller,* for appellant.
Mr. *Macin E. Estill,* for appellees.

MONTGOMERY, J.   The will of Sarah McKelvey, deceased, was admitted to probate on April 19, 1949. In that will she designated Delmar Alderman as executor.   The then probate judge of Holmes county, deciding that Alderman had not qualified as required by statute, on August 9, 1949, appointed the appellant, Clarence McKelvey, administrator with the will annexed.   He was the only son and heir at law of the testatrix.   Thereafter, on November 23, 1949, in pursuance of the decision of this court rendered in case number 262, McKelvey was removed as such administrator and Alderman was appointed executor.

In the meantime, on September 24, 1949, McKelvey had instituted this suit to contest the will of his mother. He made parties defendant the legatees and devisees, and himself as administrator with the will annexed. In spite of his removal as such administrator, no further action was taken until May 10, 1951, when McKelvey filed a motion for an order substituting Alderman as executor in place of himself as administrator with the will annexed.   Thereafter a motion was filed to dismiss the action for reasons upon which we will comment hereinafter.   The trial court overruled the

motion of McKelvey and sustained the motion to dismiss the action. From these two orders this appeal was perfected to this court.

Various questions were raised, and naturally do arise, in the consideration of these problems. We will endeavor to discuss them in their natural order.

Was the appointment of McKelvey as administrator with the will annexed void *ab initio*, as claimed by the appellees, for his failure to comply with a provision of Section 10509-4, General Code, which requires that before an appointment, the applicant must file a "statement of any indebtedness the deceased has [had] against such person making said application"?

We discussed this proposition in our opinion in case number 262. We think the appointment was voidable, but not void. If he had proceeded without objection to administer the estate, it could hardly be claimed that everything which was done in such administration was invalid. McKelvey was subject to removal, and he was removed. This removal left the situation as though he had not been appointed.

Was McKelvey precluded from suing himself as administrator, or rather naming himself as such administrator, as one of the defendants? Again, we do not think so. He was serving, as stated, under a voidable appointment. Again, let it be stated that if the action proceeded without objection, the result of the litigation would not be in vain. And again, let it be stated that the remedy would be his removal. Such removal would have been proper because, as stated long ago, one cannot faithfully serve two masters. One acting in a fiduciary capacity must be faithful to his trust above all other things, and must not be in a position antagonistic to his trust.

But that does not go to the proposition that he could not appear in two capacities. As this writer

stated in the case of *Hayes* v. *Peak* (unreported), to which we will refer hereinafter, "the fact remains that one appearing in a representative capacity is a different person from that same individual appearing on his own behalf."

And Judge Sherick in the case of *Meyers, Exrx.,* v. *Hogue,* 45 Ohio App., 330, 187 N. E., 127, in the third paragraph of the syllabus, and in his opinion as it appears on page 335, stated the proposition in substantially the same language. The same proposition may be inferred from the sixth paragraph of the syllabus in the recent case of *Peters* v. *Moore,* 154 Ohio St., 177, 93 N. E. (2d), 683.

Is there unity of interest between the executor and the heirs at law, who unquestionably were properly served and are in this case? We say unhesitatingly that there is no such unity. The writer of this opinion has had occasion throughout the years to discuss this proposition presented in various ways.

For many years the law governing this situation had been fixed by the decision in the case of *Bradford* v. *Andrews,* 20 Ohio St., 208, 5 Am. Rep., 645. Many years thereafter the Supreme Court decided the case of *McCord* v. *McCord,* 104 Ohio St., 274, 135 N. E., 548, and differentiated, without expressly overruling, the case of *Bradford* v. *Andrews, supra,* the Legislature having acted in the meantime so as to make the changed ruling necessary.

Relying upon the decision in *McCord* v. *McCord, supra,* this court, speaking through the writer of this opinion, decided at least three cases and discussed at some length the basis for the differentiation between the *Andrews* and the *McCord cases,* and the statutes governing the situations involved. First there was the case of *Sands* v. *Citizens National Bank,* an unreported case from Tuscarawas county. Then came

the case of *Hayes* v. *Peak, supra,* from Franklin county, also unreported. Then came the case of *Draher* v. *Walters,* from Stark county, also unreported.

However, the judgment in the case of *Draher* v. *Walters,* upon error being prosecuted to the Supreme Court, was reversed in 130 Ohio St., 92, 196 N. E., 884, by a four to three decision. That decision seemed to throw out of the window, as it were, all that had been decided by the Supreme Court and by this court theretofore.

However, in the recent case of *Peters* v. *Moore, supra,* the holding in *Draher* v. *Walters, supra,* was overruled so far as it affects our situation, and the case of *McCord* v. *McCord, supra,* was approved and followed. In other words, the law in Ohio is now, in this respect, what it was understood to be following the decision in the *McCord case*, and prior to the decision in the *Draher case*.

As to the unity of interest, it might be claimed that there is such unity as between the administrator with the will annexed and the executor, even though it would not exist between the executor and the heirs. However, in making this claim of such unity, the appellant is confronted with the plain provisions of the statutes governing such matters.

Section 11410, General Code, is in this language:

"An order to revive an action against the successor (other than the executor or administrator) of a defendant shall not be made without the consent of such successor, unless made within one year from the time it first could have been made."

Certainly, Alderman as executor is to be classed as the successor of McKelvey as administrator. The order of revivor sought was not made within one year from the time it could have been made. Alderman is not consenting to the revivor. He of course is not the

executor or administrator of Clarence McKelvey, or of any named defendant, and so is not affected by the amendment to the statute.

Section 12080, General Code, reads:

"All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action."

Section 12087, General Code, limits the bringing of the action to contest a will to six months after it is probated. An action is begun as against a party only from the time of the service of summons upon him, or someone united in interest with him. Until service was had upon him, the executor, Alderman, was not a party to the action.

We refer again to the recent case of *Peters* v. *Moore, supra,* and specifically to the third and fourth paragraphs of the syllabus, which are:

"3. Under the provisions of Section 12080, General Code, all the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, *must* be made parties to an action to contest a will.

"4. Under those provisions it is mandatory and jurisdictional that the executor be made a party to such action."

In other words, a compliance with those sections of the Code is mandatory and necessary to confer jurisdiction upon any court.

Finally, the appellant contends that, even if he be wrong in his other contentions, Alderman, nevertheless, has entered his appearance generally, both as to his person and as to the merits of the cause, and the court was thereby given jurisdiction to proceed.

In passing, the peculiar character of the motion which was sustained is to be noted. It is in this language:

"Now comes Macin E. Estill, attorney for D. P. Alderman, executor of the estate of Sarah McKelvey, deceased, and defendants Robert Hoxworth, et al. and moves the court to dismiss the above recited action on the ground that the court lacks jurisdiction of the cause in as much as the executor of the estate of Sarah McKelvey, deceased, i. e. D. P. Alderman, was not made a party thereto as required by G. C. Section 12080 and that he was not joined in the action or served within the statutory period of six months within which a will contest may be instituted as required by G. C. 11230 & G. C. 12087. Further, that the order of appointment of Clarence McKelvey as administrator w. w. a. of the estate of Sarah McKelvey, deceased, was reversed, vacated, revoked and set aside by the Court of Appeals being case No. 262, Court of Appeals, Holmes county, Ohio, and D. P. Alderman's application for letters testamentary and bond ordered accepted and his appointment order.

"/s/ Macin E. Estill

"Attorney for D. P. Alderman, executor, et al."

Inquiry might be propounded as to whether this was an attempted entry of appearance by Alderman through his counsel. On its face it would be the entry of appearance by counsel only. And the language of the motion is such that it might be debatable whether it did more than question the jurisdiction over the person, and whether it went so far as to question the jurisdiction over the cause of action. Of course, if it were the former, there was no general appearance or waiver.

But, even though this motion should be treated as the action of Alderman, executor, and even though it went further than an objection to the jurisdiction over his person, the situation still will not avail the appellant.

The parties, of course, cannot confer jurisdiction of the subject matter upon a court when no such jurisdiction exists. That, as we have heretofore stated in the course of this opinion, is the situation here. They cannot confer jurisdiction by agreement, certainly not by mere waiver.

The rule as stated in 3 American Jurisprudence, 802, Section 32, is as follows:

"It is a well-settled rule that jurisdiction of a court over the subject matter cannot be conferred by the consent or agreement of the parties, nor can the want of such jurisdiction be waived. Hence, it necessarily follows that a general appearance by a defendant does not itself confer on the court jurisdiction of the subject matter."

And, in the case of *Campbell* v. *Johnson*, 83 Ohio App., 225, 79 N. E. (2d), 147, it appears in the course of the opinion that the trial court had sustained a demurrer "for the reason that the administrator *de bonis non* entered his appearance after the expiration of the time prescribed by the statute of limitations." That judgment was affirmed by the Court of Appeals, and this particular proposition, although not discussed, seems obviously to have been taken for granted as to its correctness and to have been approved.

The judgment in the instant case is affirmed.

*Judgment affirmed.*

McCLINTOCK, P. J., and PUTNAM, J., concur.

PUTNAM, J., concurring. I concur in the judgment of affirmance. I think that in the end the whole case turns upon the fact, as indicated in the opinion, that the motion made by attorney Estill, no matter what its effect in other cases might be as to entering a special or general appearance, cannot in a case of this

character be construed as giving the consent required by Section 11410, General Code, to revive the action as to the executor. Under that section it could not be done as a matter of right. The year of limitation had passed and this consent was necessary to give the court jurisdiction. Nothing in the record shows any consent. The court could do nothing else but dismiss the cause.