SKELLY ET AL., APPELLANTS, *v.* GRAYBILL, EXR., ET AL., APPELLEES.*

(No. 2841—Decided February 10, 1959.)

*Mr. John W. Ergazos, Mr. Sherlock H. Evans* and *Mr. Jacob F. Hess, Jr.,* for appellants.

*Mr. H. Clifton Graybill* and *Mr. V. F. Mills,* for appellees.

PUTNAM, P. J.   The cause below was a will contest case. No trust was involved in the will.   There were nine nieces and nephews, one sister, and three grand-nieces and nephews, all heirs at law of the testator.   Shortly before testator's death, he was worth $50,000 in real and personal property.   He devised $1,000 to one nephew and gave the balance of his estate to the Fairmount Children's Home of Stark County.   The will was admitted to probate, and thereafter a will contest action was filed in the Common Pleas Court.   All necessary statutory par-

*Motion to certify the record overruled, July 1, 1959.

ties, including H. Clifton Graybill, the executor, were made parties, either plaintiff or defendant. Thereafter all the heirs at law and devisees, but not the executor, entered into an agreement that if the will was set aside they would distribute the proceeds of the estate in a manner different from that provided in the will and not to appeal the verdict or judgment. The executor filed no answer but his name as attorney for himself as executor was entered on the appearance docket in the contest case.

Thereafter, the parties to the agreement caused the action to be set for trial out of order. The executor was deliberately not notified of the trial and he did not appear thereat. A jury was impaneled and sworn. The will was produced and admitted in evidence. The contestants produced several witnesses who offered testimony tending to invalidate the paper writing as the last will and testament of the testator. The contestees offered no evidence in rebuttal. Thereupon the court instructed the jury to return a verdict setting aside the will. This they did, and judgment was so entered. Thereafter, the executor filed a motion for a new trial and to set aside the judgment on the ground that he had not been notified and was not present in court; that this was in violation of his legal rights and of a rule of court which requires "an adverse party to be notified." The court granted the motion, and from that order this appeal on questions of law results by the parties to the contract above mentioned.

Several interesting and difficult questions are presented. In the first place we are confronted by the fact that in Ohio an order setting aside a judgment and granting a new trial is not a final appealable order unless the granting thereof was an abuse of discretion by the court. To be such it must shock the conscience of the reviewing court. We have no precise standards to determine this question, although we know that mere errors of law are not sufficient. See *Green v. Acacia Mutual Life Ins. Co.,* 156 Ohio St., 1, 100 N. E. (2d), 211; 2 Ohio Jurisprudence (2d), 641, Section 62. It follows that, for the appellants to prevail, the trial court must have abused its discretion in granting the new trial. In solving this problem it is necessary to decided several preliminary matters.

The questions presented are:

1. Where no trust is involved is it legal in Ohio for all the heirs at law, devisees and legatees to enter into an agreement in a will contest case, whereby, if the will is set aside by a jury, they will divide the estate in a manner different than that provided in a will?

2. If such an agreement is legal, is the executor, as such, a necessary party to the agreement?

3. If not, are any of the executor's rights prejudiced by not being present at the trial?

4. In such a case, where there is more than a scintilla of evidence produced by the contestants at the trial tending to invalidate the will, and the contestees produce no evidence except that of the probating of the will, may the trial court direct a verdict to set aside the will?

5. If it be determined that such an agreement is legal; that the executor is not a necessary party thereto; that his rights as executor were not prejudiced by his not being present at the trial because he would have had no right to subpoena or cross-examine witnesses tending to uphold the will; would the granting of a new trial be such a futile thing as to constitute an abuse of discretion?

It is fundamental in Ohio that an executor is by statute and court decisions a necessary and jurisdictional party in a will contest case. See *Peters* v. *Moore,* 154 Ohio St., 177, 93 N. E. (2d), 683. The cases also hold that an executor is not united in interest with the other heirs at law and devisees. An executor being a necessary party, the question arises just what are his rights and duties? A perusal of the cases show that they vary widely from practically nil where he is representing himself ex officio to great responsibility where trusts are involved. A leading case is *Exrs. of Andrews* v. *His Administrator,* 7 Ohio St., 143. There the question was whether an executor, ex officio, was duty bound to maintain against the heirs at law a contest of the validity of a will which he had undertaken to execute. The answer was no, there was no such duty. Texts and later cases recognize the propriety of an executor in taking an active part in a will contest case where there is a trust involved, where mi-

nor children are involved, where he is requested to do so by contestees, where perhaps they are widely scattered and have small individual interests, and where he has special rights to defend. See, generally, 22 Ohio Jurisprudence (2d), 442, Section 89; 95 Corpus Juris Secundum, 185, Section 331; *Myers, Exrx., v. Hogue*, 45 Ohio App., 330, 187 N. E., 127; *Kern* v. *Heilker & Heilker*, 56 Ohio App., 371, 10 N. E. (2d), 1005; *In re Estate of Hammer*, 99 Ohio App., 1, 130 N. E. (2d), 437, among others. However, his right to defend a will contest case simply to preserve his right and fees as executor is another matter upon which there is a dearth of authority. This proposition must be examined in the light of the questions herein first propounded.

Reverting to the first proposition, it is our judgment that a contract such as entered into by the devisees and heirs at law in the instant case is valid in Ohio and not contrary to public policy. The great weight of authority in the various states is to that effect. The proposition is discussed in 57 American Jurisprudence, 653, Section 1005, where it is stated:

"The rule prevails generally, although not uniformly, that the beneficiaries under a will have the right and power to contract between themselves for a plan of distribution of their respective portions of the estate in a manner different from that provided in the will, and that persons who can control all interests given under a will have power to supersede the will by a contract that the property shall be treated as intestate property and partitioned as such. According to most authorities, an agreement between the beneficiaries under a will, for the purpose of avoiding litigation regarding their rights, to adopt a plan for the distribution of the estate different from that provided by the will is valid and enforceable, provided the rights of creditors are not infringed, and trust provisions are not modified or destroyed. Family agreements, settlements, or arrangements providing for the distribution of a testator's estate in a manner or in proportions other than those provided by the will have been upheld by the courts in most jurisdictions, at least where made after the testator's death. It has been observed in support of the rule that public policy is in favor of settlements

which will insure harmony, peace, and good will among the living members of a family.''

There is a later annotation thereon in 42 A. L. R. (2d), 1319 *et seq.,* which shows the great majority of states favoring this proposition. The Wisconsin view, however, is to the contrary. The Ohio case of *Madden, Exr.,* v. *Shallenberger, Gdn.,* 121 Ohio St., 401, 169 N. E., 450, is cited therein as recognizing the validity of such an agreement generally but refusing to enforce it where a trust is involved. The Ohio position is set forth in 41 Ohio Jurisprudence, 449, Section 294, where it is stated:

''It is generally held that parties to a will contest may settle or compromise their differences and that such settlements by parties *sui juris,* entered into in good faith, contravene no rule of public policy. There is some doubt as to whether this is the rule in Ohio.''

The doubt above expressed as to the Ohio rule is based upon certain language, *obiter dicta,* in the case of *Walker* v. *Walker,* 14 Ohio St., 157, 82 Am. Dec., 474. That was a case in which the trial court decided a will contest case on a demurrer to the answer in the face of the statute (now Section 2741.04, Revised Code) which required the issue to be tried by a jury. In the last paragraph of that opinion the court states:

''The court below decided the case and gave judgment upon demurrer to the answer; while the statute imperatively requires that an issue shall be made up, whether the writing produced be the last will of the testators or not, which shall be tried by a jury, etc. This provision of the statute is imperative in its terms, and we have reason to believe that it was deliberately enacted with a view to prevent a disposition of cases for the contest of wills upon the mere consent or acquiescence of parties in any form.''

This language, standing alone and if material to the question involved, would be of great weight except that it was not such as was necessary to a decision of that case. That decision and language were under consideration in the case of *Wagner* v. *Ziegler,* 44 Ohio St., 59, 4 N. E., 705. The second paragraph of the syllabus of that case is as follows:

"2. In the trial of the contest of a will, where the testimony introduced does not tend to prove the issue on the part of the plaintiffs showing incapacity of the decedent to make a will at the time the will was made, it is not error for the court, at the conclusion of the plaintiff's testimony, to direct the jury to find a verdict sustaining the will."

That quotation will be referred to later on another proposition. The court in that case distinguishes the *Walker case* and puts it in proper perspective. One quotation from the opinion (page 69) will suffice. It is:

"But the controlling feature of the case cited, as applied to the case under consideration, is found in the third paragraph of the syllabus, which is: 'In a proceeding under the statute to contest the validity of a will, it is error to render final judgment on demurrer to an answer. An issue must be made up and tried by a jury, under proper instructions by the court.' We emphasize: *'Under proper instructions by the court.'* 'Proper instructions' are such as the law of the case, and the testimony before the jury, make pertinent. It is difficult to see how this case of *Walker* v. *Walker* gives any color to the idea, that the statute is intended to dethrone the court and make the jury supreme."

We do not think that the above authorities cited in the Ohio Jurisprudence text are sufficient to place Ohio outside the general rule. We have found no contrary authority in this state. We think the general rule should be the rule in Ohio, and why not? All the heirs at law and devisees are satisfied. It promotes family harmony and reduces litigation. What is the difference between such a situation and one where, after a trial to a jury and filing of an appeal in a higher court, the parties get together and agree upon a compromise to end the litigation. This is a common procedure in Ohio. In most cases it varies the terms of the will. It answers the argument that a testator's will cannot be circumvented by agreement such as a pretrial contract. There is no substantial difference in the two procedures. In Ohio, by virtue of the statute, the only other requisite is that in any event the issue must be presented to the jury under proper instructions from the court, which was done in the instant case.

The second question is: Was the executor a necessary party to this contract? We do not find any specific authority on this proposition and it can only be argued by analogy. The general discussions concerning such contracts in the authorities above cited mention only heirs at law and legatees as being proper parties to such contracts where no trusts are involved. They seem to be and are under such circumstances the only interested parties or ones whose interests could be jeopardized or who would be aggrieved in the event of an adverse decision. True, the executor has his fees to be considered, but these would not be jeopardized in any event and certainly litigation will not be prolonged for the sake of attorney fees or executor fees. In the annotation in 42 A. L. R. (2d), 1319, as to the parties necessary there is cited the case of *In re Braunstein*, 112 N. J., 315, 164 A., 431. That case was under a special statute but it held that an executor was not a necessary or proper party to such a settlement agreement. However, it is our judgment and we hold that, where there are no special circumstances or trusts are involved affecting the executor, such a contract is valid without his participation, as embracing all interested parties, where the interest of the executor is ex officio only.

The third proposition is as to whether under these circumstances, any legal right of the executor was prejudiced by his not being notified of and being present at the trial. Was he duty bound to defend the will? Was he such an adverse party as could be called for cross-examination? Was he such an adverse party that he could cross-examine contestants witnesses? Was he such an adverse party that he had the privilege to subpoena witnesses in support of the will? Was he such an adverse party that he could appeal a decision setting aside the will? If the answers to these questions are "yes," then he certainly was prejudiced by not being given an opportunity to be present at the trial. If the answers are "no," then there could have been no prejudice to the executor as such.

The general rule of law is stated in the case of *Exrs. of Andrews* v. *His Administrator, supra* (7 Ohio St., 143). This, however, goes to his duty and not to his right. In the case of *Board of Education of Lynchburg School Dist.* v. *Pendleton*, 80

Ohio App., 249, 75 N. E. (2d), 182, the second paragraph of the syllabus is:

"2. An executor, defendant in the caption, scrivener of the will, witness to the will and of counsel for defense in a suit to set aside a will, held not an adverse party within the meaning of Section 11497, General Code, permitting him to be called for cross-examination by the opposite party."

There are several cases dealing with the right of an executor to appeal in the settlement of estates. In the case of *In re Estate of Hoffman,* 68 Ohio App., 47, 37 N. E. (2d), 646, it is stated:

"Where all other interested persons are satisfied with an order of a Probate Court distributing the proceeds of a wrongful death claim, the husband of the deceased, acting as administrator of her estate, cannot appeal from such order in his official capacity as administrator."

That case follows the earlier case of *First National Bank of Cincinnati, Exr.,* v. *Rawson,* 54 Ohio App., 285, 7 N. E. (2d), 6, wherein in the second and third paragraphs of the syllabus it is stated:

"2. An executor in its official capacity cannot be prejudiced by an order of the court in such action, simply directing the administration of the estate, and cannot appeal therefrom in its official capacity.

"3. Where such action is brought by an executor in its official capacity by an erroneous judgment of a Court of Common Pleas, such judgment will not be disturbed unless other persons interested in the will file an appeal, or unless the executor does so in its individual capacity."

The case of *Central Trust Co.* v. *McCarty,* 73 Ohio App., 431, 57 N. E. (2d), 126, was one for a declaratory judgment involving an executor-trustee, and his duties under the trust. He appealed and, while the court held he had a right to appeal, it concluded by stating:

"We are of the opinion that whatever the nature of the trust, if any, of which the executor is the trustee, whether it is the trust imposed by law upon a personal representative or a more enlarged trust imposed by will, these residuary legatees

had, and have the right to terminate it and elect to take the property in specie.

"However, even assuming that the trial court erred, we are of the opinion that the executor was not prejudiced thereby.

"There are instances, of course, when it is the duty of an executor or other trustee to appeal from an adverse decision in order to preserve the trust estate for the beneficiaries, but such instances bear no resemblance to a case of this sort to which all the beneficiaries are parties with full opportunity to appeal but have not appealed or have not requested the executor to do so. On the contrary, they appear as appellees to resist the executor's contentions as contrary to their wishes and interests. No substantial prejudice to the estate or the purpose of the settlor is manifest under such circumstances. This conclusion is supported by our decisions in *First National Bank* v. *Rawson,* 54 Ohio App., 285, 7 N. E. (2d), 6, and *In re Estate of Hoffman,* 68 Ohio App., 47, 37 N. E. (2d), 646."

In the recent case of *Doty, Exr.,* v. *Peters,* 106 Ohio App., 435, 155 N. E. (2d), 239, the third paragraph of the syllabus is as follows:

"The executor of an estate under administration in the Probate Court is under no obligation to defend litigation which involves only controversies among rival contestants for shares in the estate."

The writer of this opinion should be and is the first to recognize the fact that none of the above cited authorities is in direct harmony with or controlling in this controversy. They are, however, straws pointing in certain directions and which give expression to the opinion of learned judges when questions analogous to the question at issue herein are presented. They are worthy of consideration.

Reviewing all the authorities, we think it may be generally stated, that in order to have the right of appeal, one must not only be a party to the action but be aggrieved and prejudiced by the judgment. In the instant case the petition made no allegations concerning the conduct of the executor. It simply stated that the paper writing was not the last will and testament of the testator and asked that an issue be made up for the jury.

There are many cases touching upon the right of an executor to attorney fees in defending a will contest case and considerable obiter dicta therein, but these cases are not decisive and it might be added neither are the above quoted cases. The entire question must be decided in the light of the facts in the instant case. Under this agreement as made, the executor had absolutely no interest in the outcome in his official capacity. It is our judgment that he could not be called for cross-examination; that he had no right to subpoena or cross-examine witnesses or to appeal the judgment and verdict. He was not an interested, adverse, or an aggrieved party.

As to proposition number four, the appellee contends that the trial was irregular because the court did not charge the jury but directed a verdict. This contention is not tenable and not an open question in Ohio. We have heretofore cited the case of *Wagner* v. *Ziegler, supra* (44 Ohio St., 59). All the authorities now are that a will contest case is a civil action and the trial is governed by the usual rules of such cases including the right of the trial court to direct a verdict for or against the sustaining of a will in proper cases. See *Westfall* v. *Notman,* 53 Ohio App., 314, 4 N. E. (2d), 932, the third paragraph of the syllabus; *Cummings* v. *Nichols,* 53 Ohio App., 520, 5 N. E. (2d), 923, the third paragraph of the syllabus, and comments at page 525. See, also, *Truchess* v. *Brand, Exr.,* 98 Ohio App., 118, 128 N. E. (2d), 157.

The brief of the appellees and their argument alleges fraud on the court by the appellants. The only basis for this is the fact that the appellants stated to the court at the trial that all interested parties had been notified. If they were correct in their assumption that the executor was not an interested party due to the contract, then there was no misrepresentation, let alone fraud.

If the above answers are correct, and for the purpose of proposition number five, we must assume that they are, the next question is, was the action of the trial court in vacating the judgment and granting a new trial an abuse of discretion? The general proposition of the abuse of discretion in such a case is discussed in 2 Ohio Jurisprudence (2d), 641, Section 62. In the

end, the answer depends upon the view of the judges of the reviewing court within the broad outlines stated by the Supreme Court. If a new trial were had in the instant case under the contract of settlement, certainly no useful purpose could be subserved. It would simply be an additional delay. This presumes, of course, as above stated, that the executor, not being an interested or aggrieved party, could not participate in the trial except as an observer. We are consequently constrained to hold that the trial court abused its discretion in granting a new trial.

One further observation is necessary. In briefs and arguments of counsel much background material, not above mentioned, was given to this court. For reasons hereinafter stated, it could not change our conclusions, but a sketch is given to complete the picture.

The testator was an octogenarian, suffering from a heart condition among other things. On April 18, 1958, he suffered another heart attack and was hospitalized. He died May 2, 1958. Twelve days before his death, Graybill, acting as his attorney, prepared a power of attorney for one Endinger, no relation to testator but a tenant living in testator's house, authorizing Endinger to take possession of all testator's personal property, which he did. On April 30, 1958, one and a half days before the death of the testator, Graybill prepared and testator executed a deed for all his real estate to Endinger, upon condition that Endinger would take care of the testator the rest of his life. The real estate was valued at about $15,000. After the will was admitted to probate and Graybill was appointed executor, Graybill filed an inventory in the Probate Court showing no assets in the estate. The heirs requested him to bring an action to recover assets which he did not do. The heirs then filed a series of actions: (a) To set aside the alleged fraudulent transfers of personal and real property; (b) to remove Graybill as executor because of a conflict of interests; (c) for discovery, to force Endinger to account for the personal property which he took into his possession; and finally this will contest case. As far as the record is concerned all the other actions are now pending. It can readily be seen that there is consider-

able heat as well as a multiplicity of suits in the present situation.

However, a will contest action is not the proper form to litigate actions (a), (b) and (c) above. No matter what the outcome of the will contest might be, if Graybill had a conflict of interests, or for other reasons, the Probate Court alone has the power to remove him even if the will had been sustained. As far as the deed to the real estate is concerned, it was held in the case of *Eysenbach* v. *Reilly,* 92 Ohio App., 207, 109 N. E. (2d), 664, as stated in the syllabus as follows:

"The right to cancel a deed obtained from an intestate grantor by fraud and undue influence descends to the heirs of the grantor if it existed unimpaired at the time of the grantor's death, but, if grantor dies testate such grantor's devisee, who would have taken such property had not the deed been wrongfully obtained, and not grantor's executor is the proper person to institute proceedings for cancellation."

Whatever rights Graybill as executor had or has can be amply protected in the other pending cases. The will-contest proceedings could not aid or jeopardize those other actions no matter what the outcome thereof might be. These other actions must stand or fall on their own bottom.

For the reasons above stated the action of the trial court in vacating the judgment and granting a new trial is overruled on the ground that the same was an abuse of discretion, and final judgment is rendered for the appellants.

*Judgment accordingly.*

McClintock, J., concurs.

McLaughlin, J., concurs in the syllabus and in the judgment.