GORDON, APPELLANT, *v.* DEWAN, ADMR., APPELLEE.

[Cite as Gordon v. Dewan, 4 Ohio App. 2d 214.]

(No. 9396—Decided May 11, 1964.)

*Mr. Smith H. Tyler, Jr.,* for appellant.
*Messrs. Richter & Dewan,* for appellee.

HOVER, P. J.   This is an appeal on questions of law from a judgment of the Probate Court finding the appellant indebted to the estate of Louise Amthauer Schneller on two principal accounts: (1) A so-called loan account which the court determined was actually a chose in action in favor of the estate which had been disguised as a loan; and (2) an investment bond and matured coupon account which the court found to be assets of the estate which had been concealed and withheld therefrom by the appellant.

After crediting certain sums to the appellant, the judgment was rendered against him for the balance found due, plus a penalty in the sum of ten per cent (10%) as provided in the statute relative to a concealment of assets.

Appellant claims that the judgment is contrary to law and is not supported by evidence and, further, that the proceedings had under the concealment statute were estopped as a matter of law by virtue of previous determinations of the Probate Court in the same case and in regard to the same appellant. The latter point will be considered first.

Exceptions to the inventory of the executor during the time that appellant was acting in that capacity, were filed and considered by the court. These exceptions were overruled and the inventory allowed to stand. There is nothing in the record of the instant proceeding to indicate that the court had before it the evidence upon which the judgment was subsequently entered in the concealment proceedings, or that the assets therein divulged were previously considered. Lacking any such clear indication that the subject matter of the judgment rendered in regard to the inventory exceptions was identical to the subject matter subsequently revealed during the course of the concealment proceedings, there would be no possibility of an estoppel of the concealment proceedings by virtue of the judgment rendered in the exceptions proceeding.

Much the same situation exists in regard to the application of an heir at law for the removal of the appellant as executor for his failure to acknowledge in his application for letters testamentary that he was indebted to the estate. The court overruled the application for removal. Section 2113.07, Revised Code, requires, among other things, that an executor shall make, under oath, "a statement of any indebtedness the deceased had against" him. The failure to make such a statement, or the making of an incorrect statement in this respect, makes the appointment not void but merely voidable. *McKelvey* v. *McKelvey*, 90 Ohio App. 563.

The discretion lodged in the court in this respect is further demonstrated by Section 2113.18, Revised Code, which states that the Probate Court *may* remove an executor if unsettled claims exist between him and the estate. The use of the word, "may," obviously indicates a legislative intent to give the Probate Court discretion in the matter of removal. Furthermore, in determining whether or not the executor should be removed for the alleged failure to make a disclosure of indebtedness in his application, it was not even necessary for the court to de-

termine whether or not an indebtedness actually existed. The record does not divulge any such determination, the court simply deciding to continue the executor in office.

For the above reasons there has not been, either in the determination of the court below in the removal proceedings or in the exceptions proceedings, any specific determination of the actual issues subsequently considered and decided by the court in the concealment proceedings.

Since this matter is before this court as an appeal on questions of law, the question to be determined as to the findings themselves is whether or not there exists sufficient credible evidence in the record to justify the rendition of the judgment.

An examination of the record indicates that it is replete with pertinent and material evidence received and considered both by the referee and the court in support of the conclusion that the appellant was liable to the estate for a chose in action for money had and received and, also, liable to the estate for the amount found to have been concealed in the above-mentioned bond and matured coupon account. Under these circumstances, it is equally clear that the court was justified in applying the statutory penalty of ten per cent of the amounts concealed. *In re Estate of Howard*, 79 Ohio App. 203.

This being so, and this court being of the opinion that the Probate Court below had ample authority to conduct the concealment proceedings and to make a final determination thereof, we find no error apparent on the record of the proceedings below prejudicial to the appellant and accordingly affirm the judgment.

*Judgment affirmed.*

HILDEBRANT and LONG, JJ., concur.