[Cite as *Dolin v. Lupo*, 2023-Ohio-3074.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert Dolin, Administrator of the Estate of Theresa Lupo, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 21AP-562 |
| v. | | (C.P.C. No. 16CV-10381) |
| | : | |
| Marian E. Lupo et al., | | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on August 31, 2023

**On brief:** *Marian E. Lupo*, pro se. **Argued:** *Marian E. Lupo*.

**On brief:** *Artz, Dewhirst & Wheeler*, for appellant. **Argued:** *Brian S. Artz*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Marian E. Lupo ("Marian"), appeals the Franklin County Court of Common Pleas entry of summary judgment in favor of plaintiff-appellee, Robert E. Dolin, Administrator of the Estate of Theresa Lupo, and order granting partition. For the following reasons, we reverse the trial court's judgment.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 1} On October 31, 2016, Theresa E. Lupo ("Theresa") filed this action seeking the partition of real property located at 239 N. Kellner Road in Columbus that she and her siblings, Marian and Louis L. Lupo ("Louis"), owned as tenants in common. She named as defendants Marian and Louis, their unknown spouses, Union Planters Bank, and the Franklin County Treasurer. Pursuant to a transfer-on-death designation filed with the Franklin County Recorder in 2013, ownership of the subject property transferred from

Dorothy Lupo ("Dorothy"), upon her death, to her children—Theresa, Marian, and Louis—in equal shares. Dorothy died on October 20, 2015, and Theresa filed an affidavit of her death with the Franklin County Auditor on August 25, 2016. (Oct. 31, 2016 Compl. at ¶ 2, 4; Nov. 30, 2016 Ans. at ¶ 1.)

{¶ 2} In her complaint for partition, Theresa sought an order that property taxes due for the subject property be paid to the Franklin County Treasurer, that attorney fees and costs be awarded and paid prior to the distribution of the net proceeds from a sale of the property, that the defendants' interests be set up or forever barred, and that the net proceeds from a sale of the property be divided equally between the siblings absent a finding of waste upon the premises. Marian and Louis, along with their respective spouses, filed a joint answer, asking the trial court to dismiss Theresa's complaint. Neither the Franklin County Treasurer nor Union Planters Bank filed a responsive pleading.

{¶ 3} On March 12, 2018, Theresa filed a motion for summary judgment, which she refiled on May 24, 2018. The motion cited no legal authority regarding partition; it stated only that the siblings were tenants in common, that Marian and Louis had resisted Theresa's requests to list the subject property for sale, and that the parties could not agree on an amount for which defendants would buy out Theresa's interest. Marian and Louis's attorney having withdrawn from representation, Marian filed a pro se memorandum in opposition to Theresa's motion, but Louis did not. Marian disputed many of Theresa's factual allegations and arguments, and she accused Theresa of "shirk[ing] her duty to her co-tenants to act in good faith in relation to the property." (Apr. 11, 2018 Memo in Opp. at 6.)[1] She argued that a question remained as to the most equitable means of disposition of the property, suggested that a public sale would diminish the value of the co-tenants' shares, and claimed an equitable lien on the property by virtue of time, labor, and money she had allegedly expended to maintain the property.

{¶ 4} The trial court stayed the case while the parties participated in mediation with a court magistrate, but the parties were unable to consummate a settlement agreement.

---

[1] Marian refiled her memorandum in opposition on June 15, 2018, in response to Theresa's refiling of her motion for summary judgment.

{¶ 5} On February 25, 2020, Theresa's attorney notified the trial court that Theresa had died on January 10, 2020 and moved to substitute "Robert Dolin, Administrator of the Estate of Theresa Lupo," as the plaintiff in this action. (Feb. 20, 2020 Notice of Filing Suggestion of Death of Pl. Theresa Lupo & Mot. to Substitute Robert Dolin, Administrator of the Estate of Theresa Lupo.)

{¶ 6} Nearly five months later, on July 20, 2020, Robert Dolin ("Dolin") filed another motion to substitute, this time requesting that the trial court substitute as plaintiff Dolin, in his individual capacity, as "the successor to [Theresa] and the real party in interest with respect to the real property." (July 20, 2020 Mot. of Robert Dolin at 1.) In an accompanying affidavit, Dolin stated that he and Theresa were married in February 2003, that they had lived in Florida since 2016, that Theresa had no children, and that Theresa died intestate. Dolin stated that, under both Ohio and Florida law, he is the sole beneficiary of Theresa's estate[2] and is the rightful owner of Theresa's one-third interest in the subject property.

{¶ 7} Marian opposed substitution, arguing that Theresa's claim for partition had been extinguished as a matter of law, that Dolin was estopped from seeking substitution, and that the July 20 motion for substitution was untimely. Marian urged the court to deny the motion for substitution and to dismiss the action.

{¶ 8} On August 26, 2020, the trial court granted the February 25 motion to substitute "Robert Dolin, Administrator of the Estate of Theresa Lupo" as the plaintiff herein. The trial court agreed with Marian that Dolin's July 20 motion for substitution was untimely under Civ.R. 25(A)(1), which requires a court to dismiss an action as to a deceased party unless a motion for substitution is made within 90 days after the death is suggested on the record. But the court held that the earlier motion, filed with the suggestion of Theresa's death on February 25, was timely under Civ.R. 25(A)(1). The court granted that motion and ordered "Robert Dolin, Administrator of the Estate of Theresa Lupo," substituted as the plaintiff in place of Theresa. (Aug. 26, 2020 Entry & Order at 2.) At the same time, the trial court vacated the stay and reinstated the case to its active docket.

---

[2] The trial court struck these statements as improper legal conclusions when Dolin later refiled his affidavit in support of his supplemental motion for summary judgment.

{¶ 9}   The parties thereafter supplemented their filings regarding the still pending motion for summary judgment.  As his supplement to Theresa's motion for summary judgment, Dolin refiled the affidavit he had previously submitted in support of his July 20 motion for substitution.  Nowhere in his supplement or affidavit does Dolin state that he is acting in the capacity of Administrator of the Estate of Theresa Lupo.  Instead, he maintained, as he did in his July 20 motion, that Theresa's interest in the subject property passed to him, as the sole beneficiary of her estate, when she died intestate and that he is the real party in interest.

{¶ 10} With her supplemental memorandum in opposition to the motion for summary judgment, Marian moved the trial court to dismiss this action for lack of jurisdiction, for failure to state a claim upon which relief could be granted, and for mootness. As relevant here, she stated that Dolin had not been appointed executor or administrator of Theresa's estate in either Florida or Ohio and that, in fact, he could not be appointed administrator in Ohio, even if an estate had been opened, because he does not reside in Ohio.  *See* R.C. 2113.06(A).  She argued that "the entity known as 'Robert Dolin, Administrator,' does not exist" (Jan. 11, 2021 Mot. in Opp. at 17) and "is not the proper party" to prosecute the partition claim. (*Id.* at 14.)  In support of her arguments, Marian submitted an affidavit in which she stated that her searches of the public records in the probate courts of Collier County, Florida, and Franklin County, Ohio, revealed no filing of an estate or appointment of an administrator for Theresa Lupo or Theresa Dolin.

{¶ 11}  On October 4, 2021, the trial court granted the motion for summary judgment that Theresa had filed nearly three and one-half years earlier.  The trial court erroneously stated that it had granted Dolin's July 20 motion and that it had substituted Dolin, "as the surviving spouse of Theresa," as the plaintiff.  (Oct. 4, 2021 Entry at 1, fn. 1.)  To the contrary, as stated above, the trial court had instead granted the February 25 motion and had substituted as the plaintiff "Robert Dolin, Administrator of the Estate of Theresa Lupo." (Aug. 26, 2020 Entry & Order Granting Pl.'s Mot. to Substitute Party & Mot. to Lift Stay at 2.)

{¶ 12} As to the merits of the claim for partition, the court noted that tenants in common of real estate "may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code."  R.C. 5307.01.  The court concluded

that the statutory requirements for partition under R.C. 5307.01, et seq., were satisfied and that partition was proper. Specifically, it found that the property was located in Franklin County, that Theresa had filed the action for partition more than a year after Dorothy's death, and that Theresa, Marian, and Louis owned the property as tenants in common when the action was filed. The court held that Theresa's interest in the property had "passed intestate" to Dolin, as her surviving spouse, "because Theresa did not have any children" and that "Dolin [was] entitled to assert his ownership or interest in the Property in this action." (Oct. 5, 2021 Entry & Order Granting Pl.'s Mot. for Summ. Jgmt. & Order Granting Partition at 9.)

{¶ 13} The court then went on to consider Marian's claim that she was entitled to a setoff, based on rental income she had received for the property and expenses she had paid for maintenance, repairs, utilities, taxes, and insurance. Marian claimed she was entitled to recover $9608.40 from both Theresa and Louis, for a total of $19,216.80, but the trial court rejected many of Marian's claimed expenditures. The court concluded that Marian was not entitled to reimbursement for the estimated expenses she had submitted for utilities, mulch, and yearly trimming of hedges and bushes, but that she was entitled to recoup $5853.97 for payments she had made for taxes and insurance on the property. From that amount, the court subtracted $5840 that Marian had collected as rental income for the property, and it held that Marian is entitled to $13.97 of proceeds from the sale of the property before the remainder is divided equally between Marian, Louis, and Dolin.

{¶ 14} The trial court issued a writ of partition on October 11, 2021.

{¶ 15} Marian filed a motion to stay and a motion to vacate the trial court's judgment on October 24, 2021, the trial court has not ruled on those motions.

## II. ASSIGNMENTS OF ERROR

{¶ 16} Marian raises the following assignments of error:

> I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN EXERCISING CIV.R. 12(B)(1) SUBJECT MATTER JURISDICTION TO GRANT PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ON THE DECEASED THERESA LUPO'S COMPLAINT FOR PARTITION.

> II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN EXERCISING CIV.R. 12(B)(6) JURISDICTION TO GRANT PLAINTIFF-APPELLEE'S

MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING AND MOOTNESS.

III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN EXERCISING PERSONAL JURISDICTION OVER THE NON-EXISTENT ADMINISTRATOR, THE DECEASED PETITIONER, AND NON-PARTY "ROBERT DOLIN, SPOUSE," WHO HAD NOT BEEN SUBSTITUTED FOR THE DECEDENT.

IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO CONSIDER THE MERITS OF DEFENDANT-APPELLANT'S "SUPPLEMENTAL MOTION IN OPPOSITION TO PLAINTIFF'S SUMMARY JUDGMENT MOTION IN FOR PARTITION AND PUBLIC SALE AND MOTION CONTRA FOR EQUITABLE RELIEF AND ATTORNEY FEES; MOTION TO DISMISS PURSUANT TO CIV.R. 12(B)(1), CIV.R. 12(B)(6), AND FOR MOOTNESS" FILED ON JANUARY 11, 2021 AND THE UNOPPOSED MOTION CONTRA FOR EQUITABLE RELIEF FILED ON JUNE 15, 2018 AS REQUIRED BY CIV.R. 56(C)

V. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE INCORRECT LEGAL STANDARD PURSUANT TO CIV.R. 56(C) IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF-APPELLEE.

VI. THE TRIAL COURT ERRED AS A MATTER OF LAW, PREJUDICED THE DEFENDANT-APPELLANT, AND DENIED THE DEFENDANT-APPELLANT DUE PROCESS IN SUBSTITUTING "ROBERT DOLIN, ADMINISTRATOR FOR THE ESTATE OF THERESA LUPO" FOR "THERESA LUPO" IN ITS ORDER DATED AUGUST 26, 2020.

VII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN FAILING TO STRIKE THE AFFIDAVIT OF ROBERT DOLIN SUBMITTED IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT.

(Appellant's Brief at 10-11.)

## III.  ANALYSIS

{¶ 17}  Because they are dispositive, we begin by addressing together Marian's third and sixth assignments of error.  In her sixth assignment of error, Marian argues that the trial court erred by substituting Robert Dolin, Administrator of the Estate of Theresa Lupo, as the plaintiff in this action, and in her third assignment of error, Marian argues that the trial court erred in entering judgment because it lacked personal jurisdiction over the substituted plaintiff.  We agree.

{¶ 18}  There is no dispute that the trial court possessed subject-matter jurisdiction over Theresa's claim for partition and personal jurisdiction over all the parties prior to Theresa's death in January 2020.  Theresa's death, however, raised jurisdictional concerns that are addressed in Civ.R. 25.  *See Smith v. Bond*, 7th Dist. No. 13 BE 27, 2015-Ohio-2585, ¶ 6.

{¶ 19}  "Upon the death of a party to a civil action, the procedure outlined in Civ.R. 25(A) and (E) must be followed in order for the action to continue as to the deceased party." *Johnson v. Welch* 6th Dist. No. L-86-347, 1987 Ohio App. LEXIS 7423, *4 (June 12, 1987). Civ.R. 25(E) states:

> Upon the death * * * of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after [the attorney] acquires actual knowledge of the death * * * of that party. The suggestion of death * * * shall be served on all other parties as provided in [Civ.R.] 5.

The filing of a suggestion of death abates the trial court's personal jurisdiction over the deceased party.  *Smith* at ¶ 8, citing *Lierenz v. Bowen*, 6th Dist. No. E-90-13, 1991 Ohio App. LEXIS 1160, *3 (Mar. 22, 1991), and *Abood v. Nemer*, 128 Ohio App.3d 151, 165 (9th Dist.1998); *U.S. Bank Natl. Assn. v. White*, 7th Dist. No. 20 MA 0035, 2021-Ohio-2017, ¶ 14.

{¶ 20}  Once a suggestion of death has been filed pursuant to Civ.R. 25(E), the procedure in Civ.R. 25(A) applies.  *Johnson* at *4.  If the party's death does not extinguish the pending claim, "the court shall, upon motion, order substitution of the proper parties." Civ.R. 25(A)(1).  A motion for substitution "may be made by any party or by the successors or representatives of the deceased party" and must be made within 90 days after the suggestion of death is filed, or "the action shall be dismissed as to the deceased party."  *Id.*

*See also Strunk v. Ohio Dept. of Transp.*, 10th Dist. No. 82AP-473, 1982 Ohio App. LEXIS 12553, *5-6 (Dec. 14, 1982) (court had a "duty" to dismiss a complaint under Civ.R. 25(A)(1) as to a deceased party when plaintiffs failed to substitute a new party plaintiff). "[T]he court is without authority to take any action with respect to the party-decedent's interest until a proper substitution of parties is made, service is obtained, and personal jurisdiction is regained." *Smith* at ¶ 8.

{¶ 21} When a successor or personal representative has not been substituted for a deceased party following the filing of a substitution of death, "the result is a lawsuit with only one party," and the court must dismiss the action. *Smith* at ¶ 8. A dismissal pursuant to Civ.R. 25(A)(1) is for lack of personal jurisdiction and is without prejudice. *Perry v. Eagle-Picher Indus., Inc.,* 52 Ohio St.3d 168 (1990), paragraph three of the syllabus.

{¶ 22} The record here contains two motions to substitute. The first, which was combined with the February 25, 2020 notice of Theresa's death, requested that the trial court substitute "Robert Dolin, Administrator of the Estate of Theresa Dolin," as the plaintiff. (Feb. 25, 2020 Notice of Filing Suggestion of Death of Pl. Theresa Lupo & Mot. to Substitute Robert Dolin, Administrator of the Estate of Theresa Lupo at 1.) The second, filed July 20, 2020, requested that the trial court substitute as plaintiff Dolin in his individual capacity, as "successor to [Theresa] and the real party in interest with respect to the real property." (July 20, 2020 Mot. of Robert Dolin at 1.) Although both motions requested that Dolin be substituted for Theresa, the first requested that Dolin be substituted in a representative capacity—as administrator of Theresa's estate—and the second requested that Dolin be substituted in his individual capacity. The motions therefore sought the substitution of different legal entities. " 'One appearing in an action in a representative capacity is a different person in legal effect from the same person appearing in his individual capacity.' " *Poss v. Central Natl. Bank of Cleveland*, 11th Dist. No. 1262, 1986 Ohio App. LEXIS 8275, *5 (Sept. 12, 1986), quoting 41 Ohio Jurisprudence 2d, Parties, Section 6, at 454 (1960). *See also, McKelvey v. McKelvey*, 90 Ohio App. 563 (1951), paragraph two of the syllabus; 73 Ohio Jurisprudence 3d, Parties, Section 10.

{¶ 23} We need not consider whether Dolin, in his individual capacity, would have been a proper substitute plaintiff because Dolin did not file a motion to substitute himself, individually, for Theresa within 90 days after the suggestion of her death was filed with the

court. As Marian argued and the trial court acknowledged, the July 20 motion was untimely under Civ.R. 25(A)(1). Although a court may extend the 90-day time period established in Civ.R. 23(A) based on a finding of excusable neglect, *see, e.g., Smith* at ¶ 9, Dolin neither requested an enlargement of time nor offered any explanation for his delay in moving to substitute himself, in his individual capacity, for Theresa. Thus, the trial court lacked authority to substitute as plaintiff Dolin in his individual capacity.

{¶ 24} Faced with two motions to substitute, the trial court's intention to grant the first is clear from its judgment entry. The trial court expressly found that the February 25 motion was timely. It then granted that motion and, as requested therein, ordered "that Robert Dolin, Administrator of the Estate of Theresa Lupo, is hereby substituted as Plaintiff." (Aug. 26, 2020 Entry & Order Granting Pl's Mot. to Substitute Party and Mot. to Lift Stay at 2.) The question therefore resolves to whether "Robert Dolin, Administrator of the Estate of Theresa Lupo" was a proper substitute plaintiff.

{¶ 25} An administrator of a decedent's estate is " '[a] person appointed by the court to manage the assets and liabilities of an intestate decedent.' " *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 22, quoting *Black's Law Dictionary*, 52 (9th Ed.2009). An administrator's duties include ascertaining and collecting the assets of the estate and completing the administration of the estate within a statutory timeframe. R.C. 2113.25. Like executors, administrators of decedents' estates "occupy the position of personal representatives of decedents, and are court officers, subject to control, discipline and removal for good cause." *Judd v. City Trust & Sav. Bank*, 133 Ohio St. 81, 90 (1937). They are fiduciaries accountable to the probate court that appoints them. R.C. 2109.01; *In re The Estate of Thomas E. Phelps*, 7th Dist. No. 05 JE 19, 2006-Ohio-890, ¶ 13. A probate court may not appoint a person as administrator until that person "has executed a written acceptance of the fiduciary's duties, acknowledging that the fiduciary is subject to removal for failure to perform the fiduciary's duties, and that the fiduciary is subject to possible penalties for conversion of property the fiduciary held as a fiduciary." R.C. 2901.02.

{¶ 26} The February 25 motion to substitute contained no statement whether Theresa had died testate or intestate, that an estate had been opened for Theresa in Florida or Ohio, or that Dolin had been appointed as the administrator of Theresa's estate. Rather, it contained only a single sentence: "Now comes Plaintiff, and pursuant to Civil Rule 25,

notifies this Court of the death of Plaintiff, Theresa E. Lupo on January 10, 2020, and moves the Court to substitute Robert Dolin, Administrator of the Estate of Theresa [Lupo], for the Plaintiff." (Feb. 25, 2020 Notice of Filing Suggestion of Death of Pl. Theresa Lupo & Mot. to Substitute Robert Dolin, Administrator of the Estate of Theresa Lupo.) Dolin has, in fact, *never* claimed that he was appointed as the administrator of Theresa's estate by any court, nor has he disputed Marian's assertions that no probate estate was opened for Theresa in either Florida or Ohio. [3]

{¶ 27} Unless and until a probate estate was opened for Theresa Lupo and an administrator appointed, the trial court lacked authority to substitute an administer of the nonexistent estate as the plaintiff in this action. *See Noetzel v. Hudson*, 8th Dist. No. 79085, 2001 Ohio App. LEXIS 4796, *8-9 (Oct. 25, 2001) ("[T]he court properly denied the first motion for substitution * * * because no estate had been established for [the decedent]. The court could not substitute a non-existent estate as a proper party"); *Livsey v. Franklin Cty. Bd. of Commrs.*, Franklin C.P. No. 08 CVH 5375, 2009 Ohio Misc. LEXIS 4751 (Oct. 9, 2009). "It is well established that both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued." *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574 (1992). Here, the substituted plaintiff–"Robert Dolin, as Administrator of the Estate of Theresa Lupo"—did not exist and was not a legal entity that could sue or be sued. Therefore, the trial court erred by granting the February 25 motion, by substituting Robert Dolin, as Administrator of the Estate of Theresa Lupo, as the plaintiff, and by thereafter proceeding to judgment in favor of the nonexistent plaintiff.

{¶ 28} Upon the filing of the suggestion of Theresa's death, the trial court lost personal jurisdiction over Theresa's claim unless and until a proper substitution of parties was made pursuant to Civ.R. 25(A)(1). Because no motion for substitution of a proper party was made within 90 days after the filing of notice of Theresa's death, the trial court was required to dismiss the action without prejudice pursuant to Civ.R. 25(A)(1) for lack of personal jurisdiction. *See Perry*, 52 Ohio St.3d at 173.

---

[3] We take judicial notice of the fact that, as stated at oral argument, a probate proceeding regarding Theresa's estate was commenced in the Franklin County Probate Court in June 2022, while this appeal was pending, and that probate proceeding remains pending. Attorney Brian S. Artz was appointed ancillary administrator of the estate in February 2023. http://probatesearch.franklincountyohio.gov/netdata/PBDocket.ndm/input?caseno=617503 (accessed Aug. 10, 2023.) That filing, however, does not affect our analysis of the trial court's prior actions in this case.

## IV. CONCLUSION

{¶ 1}   For these reasons, we sustain Marian's third and sixth assignments of error and conclude that her other assignments of error are moot.  We accordingly reverse the trial court's judgment and remand this matter to that court with instructions to dismiss the action without prejudice pursuant to Civ.R. 25(A)(1) for lack of personal jurisdiction.

*Judgment reversed; cause remanded with instructions.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____