[Cite as *Third Fed. S. & L. Assn. of Cleveland v. Doles*, 2014-Ohio-5181.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CLEVELAND, aka THIRD FEDERAL SAVINGS AND LOAN ASSOCIATION, | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2014-G-3180** |
| Plaintiff-Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| JOSEPH DOLES, EXECUTOR OF THE ESTATE OF SHARON B. ROSENBERG, et al., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 13 F 000132.

Judgment: Reversed and remanded.

*Eric T. Deighton,* Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 24755 Chagrin Boulevard, Suite 200, Cleveland, OH 44122-5690 (For Plaintiff-Appellee).

*David M. King* and *John R. Harrison,* Schraff & King Co., L.P.A., 2802 S.O.M. Center Road, #200, Willoughby Hills, OH 44094 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Joseph Doles, Executor of the Estate of Sharon B. Rosenberg, appeals from the judgment of the Geauga County Court of Common Pleas, denying his motion for relief from the trial court's May 22, 2013 judgment in which the court granted summary judgment in favor of appellee, Third Federal Savings and Loan Association of

Cleveland, on its complaint in foreclosure. For the reasons discussed below, the trial court's judgment is reversed and remanded.

{¶2} On February 13, 2013, appellee filed a mortgage foreclosure action against Sharon Rosenberg (hereinafter, the "decedent"). On March 15, 2013, the decedent filed an answer, through counsel. On March 21, 2013, appellee filed a motion for summary judgment. One day later, the decedent passed away. Although the record indicates the decedent's counsel notified appellee's counsel of the decedent's death on or about April 11, 2013, no formal suggestion of death was made to the court or entered on record.

{¶3} On May 22, 2013, the trial court entered summary judgment in appellee's favor against the decedent personally for the amount due on the underlying promissory note and ordered the property sold should the amount due not be paid within three days of the judgment entry. An order of sale was subsequently issued and a sale was scheduled for October 31, 2013. Prior to the sale, the property was appraised at $270,000.

{¶4} On October 28, 2013, appellant filed a suggestion of death pertaining to the decedent; appellant additionally filed a motion for stay of the foreclosure sale pending the administration of the estate and a motion for relief from the May 22, 2013 judgment. In these motions, appellant asserted because no suggestion of death was properly filed, pursuant to Civ.R. 25, and appellee did not amend its complaint to name necessary and/or proper parties, the judgment should be vacated.

{¶5} On October 30, 2013, the trial court issued a judgment denying appellant's motion to stay the sale, concluding the doctrine of lis pendens applied to the matter. The trial court noted that, because the underlying action had commenced prior to decedent's

2

death, all third parties were charged with notice of its pendency. And, because the action was pending, no interest could be acquired by third persons in the property that was the subject of the action.

{¶6} The court also noted that neither the decedent's estate nor anyone associated with the decedent filed a suggestion of death or actively attempted to preserve the decedent's or the estate's claims. Thus, the court additionally determined justice would be served by allowing the sale to proceed. The court, however, set the motion for relief from judgment for a hearing in December 2013.

{¶7} The property was sold for $180,000, and an order of sale was filed on November 1, 2013. On November 7, 2013, a motion to confirm the sheriff's sale was filed. On the same day, appellant filed a motion to intervene and later filed a memorandum in opposition to appellee's motion to confirm sale. In support of the memorandum, appellant argued, inter alia, that lis pendens did not apply to the case. Moreover, appellant urged that because the decedent's counsel did not properly file a suggestion of death and appellee was aware, through counsel, of the death, but failed to substitute the proper parties, the judgment against the decedent was void. Appellee subsequently filed a brief in opposition.

{¶8} After the hearing, on December 20, 2013, the trial court denied appellant's motion for relief from judgment. The trial court granted appellant's motion to intervene, but limited appellant's involvement to allow the estate to take any remaining interest the decedent had to the proceeds of the sale. Appellant filed a timely notice of appeal and

3

subsequently moved the trial court for a stay of proceedings pending resolution of the instant matter.[1] The trial court granted the motion.

{¶9} Appellant assigns three errors for this court's review. Appellant's first two assignments of error provide:

{¶10} "[1.] The trial court committed prejudicial error by failing to grant appellee's, Joseph Doles, Executor of the Estate of Sharon Rosenberg, Rule 60(B) motion for relief from judgment where both the attorneys of record for the decedent, Sharon Rosenberg, and for appellee, who had actual knowledge of the death, did not suggest Sharon Rosenberg's death upon the record, but rather appellee proceeded to summary judgment, which was awarded months after her death, in the absence of the proper parties, including the executor of decedent's estate (appellant) and the heirs and beneficiaries who were not properly notified of the action pursuant to Civ.R. 25(A) and (E), and were not properly substituted as parties, and thus harmed and accordingly justly entitled to relief from judgment.

{¶11} "[2.] The trial court committed prejudicial error in failing to vacate the personal judgment against the decedent where the appellee was granted a judgment against a known dead person."

{¶12} Under the foregoing assignments of error, appellant contends the trial court erred by failing to grant his Civ.R. 60(B) motion to the extent the personal judgment entered against the decedent was void as a matter of law. For the reasons that follow, we hold the trial court lacked jurisdiction over the person of the decedent upon her death and, without a proper substitution of a party, the judgment was a nullity.

---

1. Appellee asserts appellant's notice of appeal was untimely because it was filed 32 days after entry of the appealed order. While appellee's math is correct, the thirtieth day fell on a Sunday and the following Monday was a Federal Holiday. Accordingly, the appeal was properly perfected within the requisite timeframe.

{¶13} The legal term "jurisdiction" denotes the authority conferred by law on a court to exercise its judicial power in a case or controversy before it. *See e.g. Valmac Industries, Inc. v. Ecotech Machinery, Inc.*, 137 Ohio App.3d 408, 411 (2d Dist.2000). There are two types of jurisdiction: subject matter and personal. Subject matter jurisdiction refers to the authority that a court has to hear a particular claim and grant relief. *Id.* at 412. Alternatively, personal jurisdiction refers to the authority a court possesses over the defendant's person, which is required before a court can enter a judgment contrary to that party's legal interests. *See Pennoyer v. Neff*, 95 U.S. 714 (1877). Whether a court has jurisdiction of the subject matter of an action and of the parties to that action is a question of law. *Id.*, citing *Burns v. Daily*, 114 Ohio App.3d 693 (11th Dist.1996).

{¶14} In this matter, upon the filing of the complaint and the filing of the decedent's answer, the court possessed subject matter jurisdiction over appellee's claim as well as personal jurisdiction over the decedent. When the decedent passed without a party substitution, however, there was no defendant against which the court could render a judgment. A cause of action may only be brought and sustained against a party who actually or legally exists and who has the capacity to be sued. *Baker v. McKnight*, 4 Ohio St.3d 125, 127 (1983). The party may be a natural or artificial person, but it must be an entity that the law regards as "competent." Because "actual or legal" existence as well as legal competency are conditions precedent for being sued, a deceased individual cannot be a party to an action. *Id.* Accordingly, "[i]f a decedent's personal representative has not been substituted for the decedent, the end result is a lawsuit with only one party." *Perry v. Eagle-Picher Indus. Inc.,* 52 Ohio St.3d 168, 173

(1990). And, without an opposing party, there was no one over whom the court could properly acquire personal jurisdiction.

{¶15} To cure this fatal problem, the decedent's counsel should have entered a suggestion of death, pursuant to Civ.R. 25(E). After accomplishing this, a substitution of a proper party may occur no later than 90 days after the death was suggested on the record. Civ.R. 25(A)(1). A court may reacquire in personam jurisdiction, therefore, after a death is suggested on record and a proper party is substituted and service is procured before the expiration of the 90-day period. *See Rokakis v. Estate of Thomas*, 8th Dist. Cuyahoga No. 89944, 2008-Ohio-5147, ¶3

{¶16} Although no suggestion of death had been filed, the trial court entered summary judgment without having personal jurisdiction over a properly substituted party. In truth, the judgment was entered against nobody. Because there was no opposing party, the trial court failed to acquire the necessary personal jurisdiction to enter judgment. Appellant contends the trial court erroneously denied his Civ.R. 60(B) motion as a result of this problem. Because courts are bound to take notice of the limits of their authority, however, the requirements of Civ.R. 60(B) are inapplicable. *See e.g. Vaughn v. Tucker*, 8th Dist. Cuyahoga No. 67089, 1994 Ohio App. LEXIS 4839, *7 (Oct. 27, 1994). Instead, where a court lacks personal jurisdiction, any judgment entered is simply void. *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956). **(**A judgment rendered without personal jurisdiction over a defendant is void.). *See also Patton v. Diemer*, 35 Ohio St.3d 68 (1988).

{¶17} Appellant's first and second assignments of error are sustained.

{¶18} Appellant's third assignment of error alleges:

6

{¶19} "[3.] The trial court abused its discretion in failing to grant a continuance, as requested by appellant, for the purpose of presenting relevant evidence to confirm on the record what the court already knew – that counsel for both the appellee and decedent were aware of Sharon Rosenberg's death and neither had filed the suggestion of the death upon the record and by determining this evidence irrelevant to its decision where knowledge of decedent's death placed the ultimate burden on appellee to file a suggestion of death on the record where counsel for the decedent does not do so."

{¶20} Because we conclude the trial court's May 22, 2013 grant of summary judgment was not entered against an actual party over which it could properly assert in personam jurisdiction, that judgment is void. Accordingly, any proceedings which occurred as a result of that judgment are also nullities. Because proceedings must recommence as though summary judgment was never entered, the trial court's failure to grant a continuance to present additional, relevant evidence at the hearing on appellant's motion for relief from judgment is moot.

{¶21} Appellant's third assignment of error lacks merit.

{¶22} For the reasons discussed in this opinion, the judgment of the Geauga County Court of Common Pleas is reversed and remanded. It is further ordered that the trial court shall proceed as though the void judgment entered on May 22, 2013 was never filed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.