[Cite as *U.S. Bank Natl. Assn. v. White*, 2021-Ohio-2017.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN
INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE
PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2007-RP1,

Plaintiff-Appellee,

v.

JOHN W. WHITE ET AL.,

Defendants-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0035**

---

Civil Appeal from the
Court of Common of Mahoning County, Ohio
Case No. 2018 CV 02867

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Stefanie Deka*, McGlinchey Stafford, 3401 Tuttle Road, Suite 200, Cleveland, Ohio
44122, for Plaintiff-Appellee and

*Atty. James Vitullo*, 5232 Nashua Drive, Austintown, Ohio 44515, for Defendants-
Appellants.

Dated: June 11, 2021

**D'Apolito, J.**

{¶1} Appellant, John White, appeals from the February 24, 2020 judgment of the Mahoning County Court of Common Pleas granting Appellee's, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-RP1 ("U.S. Bank"), motion for summary judgment on its foreclosure complaint. On appeal, Appellant asserts the trial court erred in granting U.S. Bank's motion for summary judgment. Appellant specifically alleges that the trial court's judgment is not a final appealable order and that equity bars U.S. Bank's foreclosure. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 14, 2002, Thomas Ramsey executed an adjustable rate note payable to Mortgage Express, Inc. in the amount of $17,500 ("Note"). (Exhibit A). The Note was secured by a mortgage between Mortgage Express, Inc. and Thomas and Norma Ramsey, husband and wife ("Mortgage")[1]. (Exhibit B). The Mortgage was recorded on February 19, 2002 as Official Records Volume 5189, Page 474, Document No. 200200006928, Mahoning County, Ohio records. The Mortgage is a lien on the real property which is located at 32 North Schenley Avenue, Youngstown, Ohio 44509 ("Property"). The Mortgage was assigned to U.S. Bank. (Exhibit E).

{¶3} Thomas Ramsey quit claimed his interest in the Property to David Ferguson. David Ferguson later quit claimed his interest in the property to Appellant. Thomas and Norma Ramsey never paid off the Mortgage before transferring the Property. Thus, both transfers were subject to the Mortgage. Record title to the Property vested in Appellant, a single man. (Exhibit F). The Loan is in default.

---

[1] The Note and Mortgage are collectively referred to as the ("Loan").

{¶4}   On December 5, 2018, U.S. Bank filed a complaint for foreclosure against Appellant, Thomas Ramsey (deceased), Jane Doe (unknown spouse, if any, of Appellant), and Mahoning County Treasurer.[2]   At the time the complaint was filed, Thomas and Norma Ramsey were both deceased.[3]   Appellant was named in the foreclosure solely as a title holder due to his interest in the Property taken subject to the Mortgage.  Appellant filed an answer to the complaint.

{¶5}   On December 24, 2019, U.S. Bank filed a motion for summary judgment pursuant to Civ.R. 56.

{¶6}   Appellant filed a response in opposition.  Appellant argued that he received reinstatement quotes from U.S. Bank which were inconsistent with each other and that equity barred the complaint.   (Exhibit A, $1,945.51); (Exhibit B, $6,449.25); (Exhibit C, $13,294.57).  Appellant also claimed that Thomas and Norma Ramsey, and their estates, were all necessary parties to the complaint and that without them, U.S. Bank's foreclosure decree cannot be a final appealable order.

{¶7}   U.S. Bank filed a reply asserting that it had met its summary judgment burden proving its right to foreclose on the Mortgage and that Appellant failed to meet his reciprocal burden.   U.S. Bank explained that the three reinstatement quotes were authorized under the Mortgage.  U.S. Bank further addressed that Appellant was not a borrower under the Ramsey Loan which limited his opportunities to reinstate, negated any alleged contractual duty owed by U.S. Bank to Appellant, and could not therefore form the basis for Appellant's claims that equity barred the foreclosure.

{¶8}   Appellant filed a sur-reply in which he again alleged that U.S. Bank did not name the correct parties in its foreclosure complaint.

{¶9}   U.S. Bank filed a sur-reply reiterating its position that Norma Ramsey, and Norma and Thomas Ramsey's estates, were not necessary parties to the foreclosure because the complaint did not seek to hold either estate liable for the debt due on the

---

[2] U.S. Bank alleges that because the Note has been accelerated and is in default, it is entitled to recover $9,703.31 plus interest from the sale of the Property.  U.S. Bank also alleges that because the Mortgage was given to secure the Note, it is entitled to foreclose the Mortgage due to default.  Thomas Ramsey and Jane Doe were later dismissed from the action.

[3] Norma Ramsey was not named in the complaint.  U.S. Bank is not seeking a personal judgment against Thomas Ramsey but is seeking instead to enforce its security interest. On December 12, 2018, U.S. Bank filed suggestions of death as to both Thomas and Norma Ramsey.

Loan but rather it only sought to foreclose on the Mortgage; Norma Ramsey did not sign the Note and thus her estate could not be held personally liable for the debt; and Norma Ramsey did not have any interest in the Property that survived her death leaving nothing for an estate to receive.

{¶10} On February 24, 2020, the trial court granted U.S. Bank's motion for summary judgment. Appellant filed a timely appeal and raises two assignments of error.

## SUMMARY JUDGMENT

An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

"(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for

summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED WHEN IT ISSUED ITS FINAL JUDGMENT ENTRY OF FORECLOSURE BECAUSE THE ENTRY DID NOT DETERMINE THE EXTENT OF EACH LIENHOLDER'S INTEREST, DID NOT SET FORTH THE PRIORITY OF LIENS, AND DID NOT DETERMINE THE OTHER RIGHTS AND RESPONSIBILITIES OF EACH PARTY IN THE ACTION.**

{¶11} In his first assignment of error, Appellant argues that Thomas and Norma Ramsey, and their estates, were necessary parties to the foreclosure complaint and judgment entry. Appellant asserts that although he is a named party, his interest in the Property is not mentioned in the judgment entry of foreclosure. As such, Appellant contends there is no final appealable order.

{¶12} The trial court issued the judgment entry granting U.S. Bank's motion for summary judgment in its foreclosure complaint on February 24, 2020. The judgment entry constitutes a final appealable order as it "determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio

St.3d 299, 2014-Ohio-1984, ¶ 39. Regarding Appellant, the judgment entry states, "the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action." (2/24/2020 Judgment Entry, p. 3). Because Appellant is a defendant title holder, his interest was acknowledged and determined.[4]

{¶13} The death of a party raises different jurisdictional concerns which are addressed in Civ.R. 25. Upon the death of a party, a suggestion of death shall be filed. Civ.R. 25(E). Following such filing, the court shall order substitution of proper parties upon a motion. Civ.R. 25(A)(1). However, "[u]nless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death * * *, the action shall be dismissed as to the deceased party." *Id.*

{¶14} Pursuant to Civ.R. 25, "[b]y virtue of a party's death, a court loses personal jurisdiction over that party." *Smith v. Bond*, 7th Dist. Belmont No. 13 BE 27, 2015-Ohio-2585, ¶ 8, citing *Lierenz v. Bowen,* 6th Dist. Erie No. E-90-13, 1991 WL 38039, *3. "Thus, the effect of a filed suggestion of death is that personal jurisdiction over that party is temporarily abated and the court is without authority to take any action with respect to the party-decedent's interest * * *." *Id.*

{¶15} Although Thomas Ramsey signed the Note and Thomas and Norma Ramsey signed the Mortgage, they were not required parties to the foreclosure complaint or judgment entry because they were both deceased at the time the complaint was filed. Although Thomas Ramsey (deceased) was a named party to the complaint, he was removed pursuant to Civ.R. 25 and thus properly dismissed from the foreclosure in the judgment entry after U.S. Bank filed a suggestion of death pursuant to Civ.R. 25(E). As stated, a suggestion of death was also filed for Norma Ramsey, who was not a named party to the complaint.

{¶16} Likewise, the estates of Thomas and Norma Ramsey were not necessary parties to the foreclosure because U.S. Bank's complaint did not seek to hold either estate

---

[4] Unlike the facts contained in *Second Nat. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-C.A.-62, 2002-Ohio-3852, cited by Appellant in his brief, Appellant's interest here is not a "fundamental issue in the foreclosure sale."

liable for the debt due on the Note, Norma Ramsey did not sign the Note and thus her estate could not be held personally liable for the debt on the Note, and Norma Ramsey released her only interest in the Property by signing the Mortgage.

**{¶17}** The complaint and judgment entry reveal that U.S. Bank is only seeking to foreclose the Mortgage and is not seeking the debt due on the Note from any named party. *See Fifth Third Mtge. Co. v. Perry*, 4th Dist. Pickaway No. 12CA13, 2013-Ohio-3308, ¶ 44, citing *Chaco Credit Union, Inc. v. Perry*, 12th Dist. Butler No. CA2011-05-089, 2012-Ohio-1123, ¶ 12 ("it is only when the mortgagee seeks a money judgment that the estate must be made a party to the action"). Because Norma Ramsey did not sign the Note, she was not personally liable for the debt. *See Mid America Mtge., Inc. v. Scott*, 8th Dist. Cuyahoga No. 106099, 2018-Ohio-1403, ¶ 12 ("a nonborrowing, co-mortgagor is not liable for the debt under the note"). In addition, Norma Ramsey's dower interest in the Property was released when she signed the Mortgage. *Id.* at ¶ 18, quoting *GE Credit Union v. Medow*, 1st Dist. Hamilton No. C-150618, 2016-Ohio-3266, ¶ 10 ("when a married person conveys a mortgage or interest in property that is held in the name of that spouse only, the mortgage will not be effective against the non-title holding spouse's dower interest unless that spouse has also signed the mortgage or document conveying the interest").

**{¶18}** Because Thomas and Norma Ramsey, and their estates, were not necessary parties to the foreclosure complaint, there was no need for them to be named as necessary parties and account for either in the judgment entry. *See Roznowski, supra,* at ¶ 39. Because Appellant is named in the complaint and his interest is included in the judgment entry, the judgment entry is a final appealable order. *Id.* Upon consideration, the trial court properly granted U.S. Bank's motion for summary judgment.

**{¶19}** Appellant's first assignment of error is without merit.

<u>**ASSIGNMENT OF ERROR NO. 2**</u>

**THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE EQUITIES TO DETERMINE IF FORECLOSURE IS THE APPROPRIATE REMEDY.**

{¶20} In his second assignment of error, Appellant argues the trial court erred in failing to consider the equities to determine if foreclosure is the appropriate remedy. Appellant posits that U.S. Bank improperly increased the reinstatement quotes after he declined to tender any reinstatement funds. Although Appellant admits that he did not have the funds to reinstate the Loan, he contends that his perceived inaccuracies in the three reinstatement quotes, which listed Thomas Ramsey as "Borrower" and dated February 7, 2019, July 12, 2019, and February 19, 2019, warranted denial of U.S. Bank's motion for summary judgment. (Exhibit A, $1,945.51); (Exhibit B, $6,449.25); (Exhibit C, $13,294.57).

{¶21} "[F]oreclosure involves a two-step process where, in addition to establishing the existence of default, the trial court must then consider whether foreclosure is an equitable remedy." *Bank of New York v. Nutter*, 9th Dist. Medina No. 19CA0063-M, 2020-Ohio-6988, ¶ 26.

> A foreclosure action is equitable in nature. *City Loan & Savings v. Howard* (1984), 16 Ohio App.3d 185, 186, 475 N.E.2d 154. Equitable actions are generally viewed for abuse of discretion. *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 275, 473 N.E.2d 798. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude. *Natl. City Bank v. Beyer* (2000), 89 Ohio St.3d 152, 159, 729 N.E.2d 711. "Arbitrary" means "without adequate determining principle"; "unreasonable" means "irrational" *Cedar Bay Const., Inc. v. City of Fremont* (1990), 50 Ohio St.3d 19, 22, 552 N.E.2d 202.

*Buckeye Retirement Co., LLC v. Walling*, 7th Dist. Mahoning No. 05 MA 119, 2006-Ohio-7059, ¶ 16.

{¶22} When transferring mortgaged real estate, the transferee can either assume the mortgage or take the property subject to the mortgage. *See James B. Nutter & Co. v. Estate of Neifer*, 3rd Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 7. If a transferee assumes the mortgage, he or she accepts liability for the debt obligation of the original debtor. *Kocsorak v. Cleveland Trust Co.,* 151 Ohio St. 212, 219 (1949).

{¶23} In this case, Appellant did not assume the Mortgage. Rather, Appellant took legal title to the Property subject to the Mortgage via a quit claim deed. Appellant did not assume the debt and is not a borrower under the Loan. As such, Appellant's interest in the Property is possessory only and second in priority to U.S. Bank's Mortgage interest. Thus, Appellant, as a non-borrower, was not entitled to reinstatement of Thomas and Norma Ramsey's Loan and U.S. Bank was under no contractual duty to offer Appellant reinstatement. *See Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 19 (a mortgage-reinstatement provision in a residential mortgage contract creates an obligation upon the defaulting borrower's voluntary exercise of the contractual right to reinstate the mortgage loan).

{¶24} A borrower's right to reinstate after acceleration is provided for in Section 19 of the Mortgage. (Exhibit B, p. 10-11). Neither Section 19 nor any other sections of the Mortgage or Note require a lender to offer loss mitigation, default assistance, or reinstatement to a non-borrower. Rather, the terms of the Mortgage expressly prohibit a transfer of any legal or beneficial interest in the Property without the lender's prior written consent. (Exhibit B, Section 18, p. 10).

{¶25} Appellant admits that he did not have the reinstatement funds available. This is not a scenario where Appellant tried to reinstate but was rejected by U.S. Bank.[5] Rather, Appellant never reinstated the Loan and, in fact, had no contractual right to reinstate. Even assuming arguendo that he did, U.S. Bank presented Civ.R. 56 evidence that the reinstatement figures were correct. Appellant's contrary evidence was insufficient to meet his evidentiary burden warranting summary judgment for U.S. Bank.

{¶26} Appellant asserts that U.S. Bank improperly increased amounts in the reinstatement quotes each month. However, the reinstatement quotes all expressly state that the reinstatement amount is subject to change. Specifically, the reinstatement quotes have provisions providing, "<u>Your Quote Might Change</u>," along with reasons and

---

[5] Appellant's reliance on *PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061 (3rd Dist.) is misplaced because unlike the Barkers, who attempted to work with the lender to bring their loan current, Appellant in the case at bar never tried to bring the Loan current by tendering any payments. Appellant also relies on *Crick v. Starr*, 7th Dist. Mahoning No. 08 MA 173, 2009-Ohio-6754, for the proposition that the doctrine of unclean hands bars U.S. Bank's foreclosure judgment. Appellant, however, never raised the unclean hands doctrine as an affirmative defense in his answer and thus it is waived on appeal. *Beneficial Fin. 1, Inc. v. Edwards*, 7th Dist. Mahoning No. 13 MA 106, 2014-Ohio-5514, ¶ 17.

explanations for an increase. (Exhibits A, B, and C). Any increased amounts are permitted by the terms of the Loan and is itemized in each reinstatement quote. (*Id.*) Every fee or cost alleged as improper by Appellant is permitted by Sections 9 and 19 of the Mortgage. *See* (Exhibit B, Section 9, p. 7, which permits the lender to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument" and these amounts "shall become additional debt of Borrower"); (Exhibit B, Section 19, p. 10, which allows for the lender to collect the sums it expended under Section 9 as well as "reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property"). There is no dispute that the amounts in the reinstatement quotes were collectible.

{¶27} Based on the facts presented, the trial court did not abuse its discretion in determining that equity did not bar U.S. Bank's foreclosure judgment against Appellant. The trial court properly granted U.S. Bank's motion for summary judgment.

{¶28} Appellant's second assignment of error is without merit.

## CONCLUSION

{¶29} For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court of Common Pleas granting U.S. Bank's motion for summary judgment on its foreclosure complaint is affirmed.

Waite, J., concurs.

Robb, J., concurs.

Case No. 20 MA 0035

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**