[Cite as *Jones v. Jones*, 2023-Ohio-989.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| JEREMY J. JONES ON BEHALF OF B.J., | CASE NO. 2022-G-0032 |
| Petitioner-Appellant, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| MOLLY A. JONES, | Trial Court No. 2022 DV 000367 |
| Respondent-Appellee. | |

# **O P I N I O N**

Decided: March 27, 2023
Judgment: Affirmed

*Joseph G. Stafford*, *Kelley R. Tauring*, and *Nicole A. Cruz*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Petitioner-Appellant).

*Dennis J. Ibold,* Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Respondent-Appellee).

MATT LYNCH, J.

{¶1}    Petitioner-appellant, Jeremy J. Jones on behalf of B.J., appeals from the judgment of the Geauga County Court of Common Pleas, overruling his request to vacate the magistrate's order denying an ex parte protection order.  For the following reasons, we affirm the decision of the lower court.

{¶2}    On June 27, 2022, Jones filed a Petition for Domestic Violence Civil Protection Order on behalf of his child, B.J., against Molly Jones, the child's mother.  An ex parte hearing was held on the same date at the conclusion of which the magistrate

stated: "I'm going to deny the request for an ex parte order in this case. I'm going to reset this for a case management conference some time later this fall." The proceedings then concluded.

{¶3} On July 5, 2022, time stamped at 2:17 p.m., a Magistrate's Order was issued denying the ex parte order. It summarized the evidence presented at the hearing, which included Jones' testimony regarding difficulties communicating with Molly and a belief that the child was suffering while in her care, as well as concerns relating to drug use. The Order took judicial notice of negative drug test results in the related divorce proceedings. It further provided: "The Court determined that Petitioner failed to meet his evidentiary burden at the Ex Parte Hearing, and declined to issue a Domestic Violence Civil Protection Order Ex Parte." It found that a full hearing should be set at a later time. On the same date, at 2:57 p.m., Molly's counsel filed a Suggestion of Death, indicating that she had passed away on July 2, 2022.

{¶4} The court issued a July 7, 2022 Judgment Entry dismissing the action pursuant to Civ.R. 41(A)(2) due to Molly's death. On the same date, counsel for Jones also filed a suggestion of death.

{¶5} On July 8, 2022, Jones filed a Motion to Vacate the Magistrate's Order. He argued that the magistrate's order was void since the matter automatically terminated upon Molly's death, divesting the court of jurisdiction. He also indicated that he had filed a suggestion of death on July 5 in the parties' divorce matter and the magistrate should have taken notice of this in issuing its order. He contended that the Order's "sole purpose * * * was to set forth Respondent's medical information, without cause and without authorization."

2

{¶6} The court issued a Judgment Entry on August 2, 2022, finding that the Magistrate's Order was filed prior to the suggestion of death, that Jones failed to demonstrate prejudice, and observing that the matter had been dismissed and the file is deemed closed.

{¶7} Jones appeals from the August 2, 2022 Judgment Entry and raises the following assignments of error:

{¶8} "[1.] The trial court erred as a matter of law and abused its discretion in denying the appellant, Jeremy J. Jones' motion to vacate and issuing the August 2, 2022 Judgment Entry while devoid of jurisdiction following the death of the appellee, Molly A. Jones (f.k.a. Molly A. Paschke).

{¶9} "[2.] The trial court erred as a matter of law and abused its discretion in issuing the August 2, 2022 Judgment Entry while devoid of jurisdiction following its July 7, 2022 dismissal of the underlying domestic violence action."

{¶10} In his first assignment of error, Jones argues that the lower court lacked jurisdiction over the action pending before it following Molly's death on July 2, 2022. He contends that her death should have terminated any further actions in this matter since, like in a divorce matter, it rendered further proceedings unnecessary.

{¶11} A court's review of a common law motion to vacate, i.e., a motion to vacate due to a void judgment, is reviewed under an abuse of discretion standard. *Wells Fargo Bank, N.A. v. Henry*, 11th Dist. Portage No. 2013-P-0007, 2014-Ohio-3768, ¶ 13; *Larney v. Vlahos*, 11th Dist. Trumbull No. 2015-T-0103, 2016-Ohio-1371, ¶ 7. However, "[p]ersonal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930

3

N.E.2d 784, ¶ 27.

{¶12} Generally, in a civil matter, a court "lack[s] personal jurisdiction over the person of the decedent upon her death," rendering a judgment against that party a nullity in the absence of a proper substitution of a party. *Third Fed. S. & L. Assn. of Cleveland v. Doles*, 11th Dist. Geauga No. 2014-G-3180, 2014-Ohio-5181, ¶ 12. Civ.R. 25 allows a party to file a suggestion of death and substitution, which allows the court to reacquire personal jurisdiction. *Lake Ski I-80, Inc. v. Habowski*, 2015-Ohio-5535, 57 N.E.3d 215, ¶ 12 (11th Dist.).

{¶13} In most instances, the death of a party does not terminate pending proceedings. "Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party." R.C. 2311.21. It has been observed that R.C. 2311.21 "gives limited, rather than wide-ranging, effect to the death of a party in the viability of an action that is pending but not finally resolved at the time of death." *Gregg v. Gregg*, 145 Ohio App.3d 218, 221, 762 N.E.2d 434 (12th Dist.).

{¶14} However, additional exceptions not stated in the foregoing statute also apply to abate an action. For example, "[e]ven though domestic relations actions are not mentioned by the abatement statute," the Ohio Supreme Court has held that, "'where one or both parties to a divorce action die before a final decree of divorce the action abates and there can be no revival (because) circumstances have accomplished the primary objective sought.'" (Citation omitted.) *In re Estate of Persing*, 11th Dist. Trumbull No. 2009-T-0120, 2010-Ohio-2687, ¶ 39; *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d

4

97, 99, 671 N.E.2d 236 (1996). Abatement has also been found to apply in certain worker's compensation and criminal matters where continuing the action did not serve the purpose to be achieved in that action. *See Hook v. Springfield*, 141 Ohio App.3d 260, 264-265, 750 N.E.2d 1162 (2d Dist.2001) (employee's claim for worker's compensation benefits abated when the employee died while proceedings were pending in the trial court); *State v. Matthews*, 131 N.E.3d 1025, 2019-Ohio-3018, ¶ 12 (6th Dist.) (the court lost jurisdiction over defendant's postconviction petition in a criminal case upon his death).

{¶15} Although there is a lack of authority as to this issue[1], Jones argues that the foregoing exception should apply and the action here should have abated and been immediately dismissed because the primary objective sought, protecting the minor child from Molly, was accomplished at the time she passed away. R.C. 3113.31 requires a petitioner in a protection order to allege "that the respondent engaged in domestic violence against a family or household member" and the court can issue orders it finds "necessary to protect the family or household member * * * from domestic violence." R.C. 3113.31(C)(1) and (D)(1). No purpose would be served by allowing the proceedings to continue at this stage since no protection order can or needs to be achieved against Molly. The trial court recognized this and, after being informed of her death, dismissed the proceedings. The issue, then, is whether the July 5, 2022 Magistrate's Order, issued after Molly's death, must be vacated in these circumstances.

{¶16} We initially observe that although the suggestion of death was not filed until after the Magistrate's Order, it is the party's death that deprives the court of jurisdiction to

---

1. There is authority for the proposition that an existing restraining order issued in divorce proceedings is extinguished upon the death of the party subject to the order. *Hook v. Hook*, 35 Ohio App.3d 51, 519 N.E.2d 687 (8th Dist.1987).

5

issue a judgment against that party. *Matthews*, 2019-Ohio-3018, at ¶ 9, citing *Third Fed.*, 2014-Ohio-5181, at ¶ 14-16 ("the trial court's jurisdiction over a litigant abates when the litigant dies; thus, a judgment [against the decedent] issued after the litigant died was void for lack of personal jurisdiction even though the trial court was unaware of the litigant's death"). Thus, we must determine whether the court still had jurisdiction to issue its order although Molly had died at the time of its order.

{¶17} As observed above, in cases involving divorce, it has been determined that the court lacks jurisdiction to continue with the divorce proceedings. *See Gregg*, 145 Ohio App.3d at 221 (where a party died prior to commencement of trial, the court lacked jurisdiction to "proceed in the underlying divorce action"); *Litty*, 77 Ohio St.3d at 101-102, 671 N.E.2d 236 (granting writ of prohibition to prevent the court from "proceeding with the divorce action").

{¶18} However, it has also been held that where a court has adjudicated a divorce matter but not yet issued or journalized its judgment, the court has the option to dismiss the matter or issue a judgment entry nunc pro tunc. *See Brooks v. Brooks*, 6th Dist. Lucas No. L-02-1268, 2003-Ohio-5177, ¶ 12; *Miller v. Trapp*, 20 Ohio App.3d 191, 192, 485 N.E.2d 738 (2d Dist.), citing *Caprita v. Caprita*, 145 Ohio St. 5, 9, 60 N.E.2d 483 (1945) ("if the facts justifying the entry of a decree were adjudicated during the lifetime of the parties to a divorce action, so that a decree was rendered or could or should have been rendered thereon immediately" but was not, the death of a party does not prevent entry of the judgment) (citation omitted). In *Caprita*, the Supreme Court found that, where the lower court "announced" the decree but did not enter it upon the court's journal, the death of the party prior to journalization did not abate the action or require the court to "abandon"

6

its announced decree. *Id.* at 6-11.

{¶19} While the circumstances here are slightly different than in divorce proceedings, the record demonstrates that the magistrate held the ex parte hearing while Molly was alive, heard testimony relating to the alleged grounds for the protection order, and announced on the record: "I'm going to deny the request for an ex parte order." It had not yet journalized this finding at the time of Molly's death. Since we find this matter is similar to a divorce for the sake of whether the action abates, this rationale is similarly applicable here. In *Anderson v. Anderson*, 2017-Ohio-2827, 86 N.E.3d 349 (4th Dist.), a divorce hearing was held and, after testimony was taken, the magistrate stated: "the court will grant * * * a divorce and therefore, terminate your marriage, and the court will further approve and adopt" the parties' agreement regarding property division. *Id.* at ¶ 32. The *Anderson* court found no error in issuing an entry journalizing this finding after the husband's death since there were no unadjudicated issues at the time of the death. *Id.* at ¶ 33, 36. Similarly, here, the magistrate indicated its ruling on the record during the ex parte hearing. The magistrate's order was merely memorializing a finding it had already made and Molly's death did nothing to change that outcome.

{¶20} A review of the procedure for issuing ex parte orders further supports a conclusion that this matter falls under the scope of the foregoing authority. Pursuant to Civ.R. 65.1(F)(2), in a matter involving a domestic violence protection order, proceedings may be referred to a magistrate for a determination of a request for an ex parte order. The magistrate conducts a hearing and, "upon conclusion of the hearing," shall "deny or grant an ex parte protection order." Civ.R. 65.1(F)(2)(a). The denial or grant of such order "does not require judicial approval," has the same effect as a court order, and "does

7

not constitute a magistrate's order or * * * decision under Civ.R. 53." Civ.R. 65.1(F)(2)(b)(i) and (ii). The magistrate's pronouncement of the order was not subject to further approval of the court, lending additional support to the conclusion that this was not an unadjudicated issue at the time of Molly's death. Like in *Caprita*, the facts were adjudicated during the lifetime of the parties, and, here, the magistrate also clearly announced on the record during the hearing that the request for an ex parte order was denied. The ruling was made but was just not yet journalized.

{¶21} To the extent Jones argues the court lacked jurisdiction to enter the August 2 Entry, that will be addressed in his second assignment of error.

{¶22} The first assignment of error is without merit.

{¶23} In his second assignment of error, Jones argues that the lower court did not have jurisdiction to issue its August 2, 2022 Judgment Entry, which found Jones' Motion to Vacate lacked merit, because it had already dismissed the case due to Molly's death.

{¶24} We observe that Jones takes issue with the court's judgment ruling on a motion that he himself filed after the matter was dismissed. He requested the court to vacate the magistrate's order and the court, in turn, responded to his motion. Nonetheless, we recognize that, "[p]arties to an action cannot, through invited error, confer jurisdiction where none exists." *State v. Minkner*, 194 Ohio App.3d 694, 2011-Ohio-3106, 957 N.E.2d 829, ¶ 25 (2d Dist.). We will consider whether the court had jurisdiction to rule on his motion to vacate.

{¶25} Judgments issued by a trial court in the absence of a lack of personal jurisdiction are void. *Lake Ski*, 2015-Ohio-5535, at ¶ 13. A party can challenge "a void judgment that is encumbered by a jurisdictional defect [by filing] a common-law motion to

8

vacate based upon the inherent power of a trial court to set aside a judgment." *Miley v. STS Sys., Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409, 795 N.E.2d 1254, ¶ 7 (10th Dist.); *Professional Fin. Servs. of Ohio, LLC v. Peck*, 11th Dist. Portage No. 2020-P-0074, 2021-Ohio-900, ¶ 3. Where a judgment sought to be vacated is void due to lack of jurisdiction it is "within the inherent power of the trial court to vacate" such judgment and reinstate the matter even where a final judgment has previously been entered and the matter concluded. *Patton v. Diemer*, 35 Ohio St.3d 68, 68-70, 518 N.E.2d 941 (1988). *See Davis v. Paige*, 5th Dist. Stark No. 2007 CA 00248, 2008-Ohio-6415, ¶ 45-47 (the trial court had authority to vacate a void entry when the matter had previously been dismissed).

{¶26} Here, the court's judgment was issued as a response to the motion to vacate for lack of jurisdiction. Had the Magistrate's Order been void, the court was with authority to, and had the responsibility to, vacate its judgment. However, it determined it had jurisdiction to issue the order in question, with which we agree. We decline to find that the court lacked jurisdiction to address a motion to vacate under these circumstances. As outlined above, in divorce cases, and by comparison, protection order cases, the matter is abated upon death of a party because the court no longer has authority to issue a judgment against such party. Jones does not cite authority for the proposition that the court cannot act to rule on motions filed by the non-deceased party to determine whether it had previously issued a void judgment. Such a ruling does not raise the concerns inherent in proceedings where a party dies: that a judgment cannot be entered against the deceased party.

{¶27} Jones argues that once a case is dismissed, the court loses all authority to

9

proceed. However, as noted above, a trial court has authority to proceed after a dismissal or conclusion of the proceedings in certain instances, such as when it vacates a void judgment. This is not unlike the authority a court has to consider and rule on Civ.R. 60(B) motions, in which it retains jurisdiction to consider error or mistake after proceedings have otherwise been concluded. To prevent a court from doing so "would mean that the trial court was without jurisdiction, upon discerning reversible error in the proceedings, to correct the error; that instead it had to allow the matter to be appealed, reversed, and remanded to accomplish that which the trial court perceives is necessary." *Logsdon v. Nichols*, 72 Ohio St.3d 124, 127, 647 N.E.2d 1361 (1995).

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed. Costs to be taxed against appellant.

JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

10

Case No. 2022-G-0032