[Cite as *Estate of Branscomb v. OhioHealth Corp.*, 2026-Ohio-93.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The Estate of William A. Branscomb      :
By Executor Betty Branscomb et al.,
                                        :
        Plaintiffs-Appellees,
                                        :
[Julie Eastman,                                              No. 25AP-373
                                        :                    (C.P.C. No. 22CV-6939)
        Appellant,]
                                        :              (REGULAR CALENDAR)
v.
                                        :
[OhioHealth Corporation
d.b.a. Grant Medical Center et al.,]    :

        Defendants-Appellees.          :

_____

D E C I S I O N

Rendered on January 13, 2026

_____

**On brief:** *Julie Eastman*, pro se.

**On brief:** *Fisherbroyles*, *LLP*, *Michael R. Traven, and Robert B. Graziano*, for appellees.

_____

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Appellant, Julie Eastman, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to enforce the settlement agreement filed by defendants-appellees, OhioHealth Corporation d.b.a. Grant Medical Center, Benjamin C. Taylor, M.D., and OhioHealth Physician Group, Inc. (collectively "appellees"). Because we lack subject-matter jurisdiction over this appeal, we dismiss it.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  On February 18, 2021, Betty Branscomb filed suit, alleging appellees engaged in medical negligence while caring for her deceased husband, William A. Branscomb ("decedent").  Appellees moved to dismiss due to the lack of an affidavit of merit. Branscomb did not oppose the motion, and the trial court dismissed the action on October 18, 2021.

{¶ 3}  On October 5, 2022, Branscomb, acting individually and as the executor of her husband's estate, refiled her action.  In her complaint, Branscomb alleged that decedent was admitted to Grant Medical Center with complaints of shortness of breath and hypertension on August 18, 2019.  On August 21, 2019, decedent began exhibiting confusion and symptoms of hypoactive delirium.  Three days later, decedent fell from his hospital bed and fractured his femur.  Branscomb alleged that the fall was a result of appellees' failure to properly monitor decedent.

{¶ 4}  On August 24, 2019, Dr. Taylor performed surgery on decedent's fractured femur.  Branscomb alleged that following the surgery, decedent's medical condition worsened.  On September 3, 2019, decedent passed away at Grant Medical Center.

{¶ 5}  On or around November 20, 2023, Branscomb's counsel made a demand of $30,000 and discussed a settlement with appellees' counsel.  After speaking with his clients, appellees' counsel accepted Branscomb's demand and agreed to settle the case for $30,000, but made appellees' acceptance and agreement contingent on (1) Branscomb's acceptance of non-monetary terms that were customary in the community when settling a medical negligence case, and (2) the filing of a dismissal, with prejudice, of Dr. Taylor and OhioHealth Physician Group, Inc. prior to the execution of the release and settlement agreement by OhioHealth Corporation.  Branscomb's counsel responded within 20 minutes of this conditional acceptance with an email stating, "Thank you, I will take all of that to my client." (Dec. 9, 2024 Mot. of Appellees to Enforce Settlement Agreement, Defs.' Ex. A-1 at 2.)

{¶ 6}  On November 28, 2023, appellees' counsel sent a follow-up email to Branscomb's counsel seeking confirmation that the parties had "a settlement pursuant to the below-referenced standard terms and conditions[.]" *Id.* Branscomb's counsel responded that day and said, "Yes [ ].  Thank you." *Id.*

{¶ 7} On November 29, 2023, appellees' counsel sent Branscomb's counsel a proposed release and settlement agreement, encompassing the agreed-upon terms and a proposed partial dismissal of Dr. Taylor and OhioHealth Physician Group, Inc. (Defs.' Ex. A-2, A-3.) In response, Branscomb's counsel relayed that he would "schedule a time to take to my client for signature." (Defs.' Ex. B-1.)

{¶ 8} On January 30, 2024, appellees' counsel reached out to Branscomb's counsel seeking an update. On February 1, 2024, Branscomb's counsel responded, stating, "I will get a signature from [Branscomb's] daughter[, Julie Eastman]. Hospice gave [Branscomb] 10 days to live [on] December 1st and stopped all her meds!" (Defs.' Ex. C-1.) Unfortunately, Branscomb's health did not improve, and Branscomb died on March 4, 2024.

{¶ 9} Despite Branscomb's counsel's knowledge of Branscomb's death, Branscomb's counsel did not comply with Civ.R. 25(E)'s requirement that he file a suggestion of death. Moreover, neither Branscomb's counsel nor Branscomb's daughter, Eastman, moved for substitution of Branscomb with a living plaintiff pursuant to Civ.R. 25(A)(1). Consequently, Branscomb remained the sole named plaintiff in the case.

{¶ 10} Eastman was appointed executor of her mother's estate. Eastman refused to sign the settlement agreement.

{¶ 11} On December 9, 2024, appellees moved to enforce the settlement agreement. Branscomb's counsel opposed the motion. In a decision and entry issued April 1, 2025, the trial court granted appellees' motion, finding the parties had reached a settlement agreement. The trial court ordered the unidentified administrator of William Branscomb's estate to take all necessary steps to finalize the settlement agreement. Additionally, the trial court stated that it would allow 30 days from the date of its judgment for the filing of a dismissal entry.

## II. ASSIGNMENT OF ERROR

{¶ 12} Eastman now appeals the April 1, 2025 decision and entry, and she assigns the following error:

> The trial court erred and abused its discretion in finding there was a settlement reached between the parties.

## III. LEGAL ANALYSIS

{¶ 13} Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals only "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) restricts the jurisdiction of courts of appeals to the review of final orders, judgments, or decrees. *Flynn v. Fairview Village Retirement Community, Ltd.*, 2012-Ohio-2582, ¶ 5. Thus, if an appealed judgment is not a final order, judgment, or decree, a court of appeals lacks jurisdiction to review it. *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21.

{¶ 14} Although neither party has questioned our jurisdiction over this appeal, our review of the April 1, 2025 judgment has prompted this court to consider whether Eastman appealed a final, appealable order. Even where the parties do not raise the question of jurisdiction, when a court of appeals suspects the appealed judgment is not a final, appealable order, it must sua sponte consider whether it possesses the jurisdiction necessary to hear the appeal. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 1997-Ohio-366, ¶ 4; *Leonard v. Huntington Bancshares, Inc.*, 2014-Ohio-2421, ¶ 8 (10th Dist.). We do that now.

{¶ 15} In this case, whether this court has jurisdiction to hear this appeal turns on whether the trial court had jurisdiction to enter its April 1, 2025 decision and entry granting the motion to enforce settlement agreement. The general term "jurisdiction" refers to a court's statutory or constitutional power to adjudicate a case and encompasses jurisdiction over the person. *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11. "Personal jurisdiction" is the authority of a court to enter a binding judgment against an individual. *Craig v. Gilchrist*, 2021-Ohio-2199, ¶ 19, fn. 6 (10th Dist.); *In re L.S.*, 2020-Ohio-5516, ¶ 17 (4th Dist.).

{¶ 16} Because a party to a legal action must actually or legally exist, a decedent cannot be a party to a legal action. *Baker v. McKnight*, 4 Ohio St.3d 125, 127 (1983); *Wells v. Michael*, 2006-Ohio-5871, ¶ 9 (10th Dist.). Consequently, when a party to a legal action dies during the pendency of the action, a trial court loses jurisdiction over the person of the decedent. *Jones v. Jones*, 2023-Ohio-989, ¶ 12 (11th Dist.); *U.S. Bank Natl. Assn. v. White*, 2021-Ohio-2017, ¶ 14 (7th Dist.); *accord Third Fed. S. & L. Assn. v. Doles*, 2014-Ohio-5181, ¶ 14 (11th Dist.) (when a party dies, there is no one over whom a court can properly exercise personal jurisdiction). Substitution of a proper party for the deceased party, pursuant to

Civ.R. 25, allows a trial court to reacquire personal jurisdiction. *Jones* at ¶ 12; *Doles* at ¶ 15. However, " 'the court is without authority to take any action with respect to the party-decedent's interest until a proper substitution of parties is made, service is obtained, and personal jurisdiction is regained.' " *Dolin v. Lupo*, 2023-Ohio-3074, ¶ 20 (10th Dist.), quoting *Smith v. Bond*, 2015-Ohio-2585, ¶ 8 (7th Dist.). A judgment issued when a court lacks personal jurisdiction over a necessary party to an action is a nullity and void ab initio. *Hamad v. Hamad*, 2013-Ohio-2212, ¶ 29 (10th Dist.); *accord Easter v. Sobol*, 2025-Ohio-3004, ¶ 16, fn. 2 (2d Dist.) (holding that a judgment a trial court enters against a deceased person is entered without personal jurisdiction and, thus, is a nullity and simply void).

{¶ 17} In this case, Branscomb filed survival and wrongful-death claims as the executor of her husband's estate, and a loss-of-consortium claim on her own behalf.[1] Upon her death, no action was taken to substitute a living person for Branscomb to prosecute these claims. Consequently, without such a substitution, "the end result is a lawsuit with only one party," or, in this case, a lawsuit with only defendants. *Perry v. Eagle-Picher Industries, Inc.*, 52 Ohio St.3d 168, 173 (1990). Because the trial court entered judgment while lacking personal jurisdiction over any plaintiff in this action, the trial court's April 1, 2025 decision and entry is a void judgment.

{¶ 18} Void judgments are not final, appealable orders. *State ex rel. Carnail v. McCormick*, 2010-Ohio-2671, ¶ 36; *Huntington Natl. Bank v. Bywood, Inc.*, 2017-Ohio-2829, ¶ 14 (10th Dist.); *Leonard v. Pilkington*, 2015-Ohio-1432, ¶ 25 (10th Dist.). Therefore, the trial court's April 1, 2025 decision and entry, as a void judgment, is not final and appealable. We thus do not possess subject-matter jurisdiction over it.

## IV. CONCLUSION

{¶ 19} In the absence of a final, appealable order, we lack subject-matter jurisdiction to hear this appeal. Accordingly, we dismiss it.

*Appeal dismissed.*

BOGGS, P.J., and DINGUS, J., concur.

————————————

[1] Conceivably, the parties may have concluded that William Branscomb's estate, not Branscomb, was the plaintiff pursing the survival and wrongful-death claims and, consequently, Branscomb's death did not require the substitution of another plaintiff to prosecute those claims. However, both survival and wrongful-death claims "are prosecuted by *the decedent's personal representative*." (Emphasis added.) *Perry v. Eagle-Picher Industries, Inc.*, 52 Ohio St.3d 168, 169 (1990). Thus, a substitute plaintiff is necessary for these claims.